Timothy Lee BARNUM, Appellant,

v.

MUNSON, MUNSON, PIERCE AND CARDWELL, P.C., and Garland Cardwell, Appellees.

No. 05–97–00422–CV.

Court of Appeals of Texas, Dallas.

June 15, 1999.

Timothy Lee Barnum, New Boston, for Appellant.

Garland Cardwell, Rhonda Baugh Lewis, Munson Munson Pierce & Cardwell, P.C., Sherman, for Appellees.

Before Justices LAGARDE, BRIDGES, and ROACH.

## OPINION

Opinion By Justice BRIDGES.

Timothy Lee Barnum appeals a judgment entered in favor of Munson, Munson, Pierce and Cardwell, P.C., and Garland Cardwell on Barnum's claims of legal malpractice. Barnum sued appellees in connection with their representation of Barnum in an appeal from Barnum's conviction for attempted murder. In four points of error, Barnum challenges the

trial court's entry of judgment on the pleadings and imposition of sanctions. We affirm in part and reverse and render in part.

In May 1992, Barnum was convicted of attempted murder and sentenced to six years confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellees were appointed to represent Barnum in his appeal from that conviction. This Court affirmed Barnum's conviction, and Barnum sued appellees, alleging legal malpractice. Barnum filed an "Affidavit of [sic] Forma Pauperis" in which he stated that he was indigent and "unable to give cost or security for the filing of" his suit. Appellees filed a motion for judgment on the pleadings and for sanctions, which the trial court granted. The trial court subsequently entered judgment (1) dismissing Barnum's claims of legal malpractice as frivolous and/or malicious and (2) assessing a $1,000 sanction against Barnum for reasonable attorney's fees and expenses of litigation pursuant to rule 13 of the Texas Rules of Civil Procedure and section 14.006 of the Texas Civil Practice and Remedies Code. Thus, the trial court's bill of costs assessed $1,000 in sanctions and costs of $286 against Barnum.

■ In his fourth point of error, Barnum argues that the trial court erred in granting appellees' motion for judgment on the pleadings because his malpractice claims were not groundless, frivolous, or malicious. Under Texas law, when an inmate brings a suit in which the inmate files an affidavit or unsworn declaration of inability to pay costs, a court may dismiss a claim, either before or after service of process, if the court finds that the claim is frivolous or malicious. TEX. CIV. PRAC. & REM.CODE ANN. §§ 14.002, 14.003(a)(2) (Vernon Supp.1999). In determining whether a claim is frivolous or malicious, the court may consider whether the claim has no arguable basis in law or in fact. *Id.* § 14.003(b)(2). We apply an abuse of discretion standard in our review of the trial court's dismissal of a suit brought under the statute governing inmate litigation. *Hickson v. Moya*, 926 S.W.2d 397, 398 (Tex.App.-Waco 1996, no writ).

■ Generally, to recover on a claim of legal malpractice, a plaintiff must prove that (1) the attorney owed plaintiff a duty, (2) the attorney breached that duty, (3) the breach proximately caused the plaintiff's injuries, and (4) damages occurred. *Peeler v. Hughes & Luce*, 909 S.W.2d 494, 498 (Tex.1995); *Cosgrove v. Grimes*, 774 S.W.2d 662, 665 (Tex.1989). With respect to Barnum's malpractice claims related to his appeal from an attempted murder conviction, Barnum's criminal conduct is, as a matter of law, the sole proximate cause of his conviction and damages, such that a legal malpractice claim may not be brought absent a showing that he has been exonerated from the criminal conviction. *See Peeler*, 909 S.W.2d at 497. As a matter of law, it is the illegal conduct rather than the negligence of a convict's counsel that is the cause in fact of any injuries flowing from the conviction, unless the conviction has been overturned and the convict exonerated. *Id.* at 498. The record in this case contains no evidence that Barnum's conviction has been overturned. Thus, Barnum was barred from bringing legal malpractice claims related to his conviction. *See id.* at 497–98. Accordingly, the trial court did not abuse its discretion in entering judgment on the pleadings and dismissing Barnum's legal malpractice claims as frivolous. We overrule Barnum's fourth point of error. Because we conclude Barnum's claims were frivolous for the foregoing reasons, we need not address the issue, raised in his first point of error, whether his claims were also barred by the statute of limitations.

■ In his second point of error, Barnum argues that the trial court did not impose sanctions in accordance with rule 13 of the Texas Rules of Civil Procedure. We agree. Rule 13 provides in part that "[n]o sanctions under this rule may be

imposed except for good cause, the particulars of which must be stated in the sanction order." TEX.R. CIV. P. 13. In reviewing the trial court's action in granting or denying sanctions, we ordinarily look to its statement of good cause for imposing sanctions in its order. *Monroe v. Grider*, 884 S.W.2d 811, 816–17 (Tex.App.-Dallas 1994, writ denied). Rule 13 requires the trial court to base sanctions on the acts or omissions of the represented party or counsel. *Id.* at 817. A trial court may not base rule 13 sanctions on the legal merit of a pleading or motion. *Id.* We set aside the trial court's award of rule 13 sanctions only upon a showing of a clear abuse of discretion. *Id.* at 816.

In this case, the judgment contained the following paragraph imposing sanctions:

It is further ordered that Defendants are hereby awarded the sum of $1,000 as sanctions against Plaintiff for reasonable attorney's fees and expenses of litigation pursuant to the provisions of Rule 13 of the Texas Rules of Civil Procedure and § 14.006 of the Texas Civil Practice and Remedies Code.

The trial court's judgment does not state the particulars of the "good cause" for imposing sanctions against Barnum, as required by rule 13. *See* TEX.R. CIV. P. 13. We conclude the trial court abused its discretion in imposing sanctions without stating the particulars of the "good cause" supporting them. *See id.* We sustain Barnum's second point of error to the extent he complains of the imposition of $1,000 in sanctions against him.

We interpret Barnum's complaint regarding section 14.006 of the civil practice and remedies code as a challenge to the trial court's assessment of $286 in costs against him. Under section 14.006, a "court may order an inmate who has filed a claim to pay court fees, court costs, and other costs...." TEX. CIV. PRAC. & REM. CODE ANN. § 14.006(a) (Vernon Supp. 1999). Although Barnum cites section 14.006 in his brief, he directs us to no authority suggesting that the trial court's assessment of costs was improper. *See* TEX.R.APP. P. 38.1(h). Accordingly, we overrule Barnum's second point of error to the extent he complains of the $286 in costs assessed against him.

In light of our disposition of Barnum's second point of error, we need not address Barnum's third point of error in which he argues there was no evidence to support the award of $1,000 in sanctions.

We affirm the trial court's judgment in part and reverse and render in part.