Willie Thornton v. State of Texas
















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-079-CV

     NACCO, INC.,
                                                                         Appellant
     v.

     DOVE CREEK LIMITED PARTNERSHIP
     AND DOVE CREEK GENERAL, INC.
                                                                         Appellees
 

From the 192nd District Court
Dallas County, Texas
Trial Court # 98-06534
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      This is an appeal from a judgment and sanctions order entered in a bench trial involving an
alleged breach of a settlement agreement. Appellant Nacco, Inc. [“Nacco”] contends in five issues
that: (issues 1-2) the trial court abused its discretion in sanctioning Nacco under Rule 13; (issue
3) the trial court erred in denying Nacco’s motion for judgment, where it was conclusively
established that Dove Creek’s breach-of-settlement agreement claim was barred by Rule 11; (issue
4) the trial court lacked jurisdiction to consider this case; and (issue 5) the evidence was
insufficient to support the trial court’s award of $2,500 in attorney’s fees. We will reverse both
the sanctions order and trial court’s judgment.
      In order to place Nacco’s issues in context, a review of the pertinent facts is necessary. 
      Nacco is a Dallas corporation involved in the building-construction business. Dove Creek
General, Inc., is a Texas Corporation. Its general partner, Dove Creek Ltd., is a Texas limited
partnership that owns a Dallas apartment complex, the Brookview Apartments. Because their
claims (and the claims filed against them by Nacco) are identical, both Dove Creek entities will
be jointly referred to in this opinion as “Dove Creek.” Nacco filed suit against Dove Creek in
cause number 92-02666 in the 160th Judicial District Court of Dallas County, seeking payment for
construction services performed by Nacco at the Brookview Apartments. On June 16, 1997,
Nacco obtained a default judgment against Dove Creek, for which Nacco was awarded $14,750
in actual damages, prejudgment interest of $737 and attorney’s fees in the amount of $2,500. 
      The default judgment was signed June 16, 1997. Both parties agree there was a verbal
settlement agreement reached around this same time, but they dispute the exact terms of the
agreement and the record is unclear as to whether the agreement was reached in May or June of
1997.


 In the fall of 1998,


 Nacco filed suit in the 192nd District Court of Dallas County alleging
that Dove Creek had failed to pay the total amount due under two settlement agreements: the first,
the verbal agreement it alleges was made in 1997; the second, a verbal agreement Nacco alleges
was reached in January of 1999. Dove Creek counterclaimed, seeking reimbursement for an
amount it contends it had overpaid under the 1997 agreement. Recognizing that Rule 11


 requires
settlement agreements in pending suits be either reduced to writing and filed with the court, or
made in open court and entered of record, Dove Creek moved for sanctions under Rule 13


 on the
ground the 1999 settlement agreement did not comply with Rule 11. Dove Creek’s specific
argument was that, since the suit in the instant case was “pending” in the 192nd District Court
during all of 1999, any settlement agreement occurring during that year had to be made part of the
192nd District Court’s record in order to be enforced. The trial court found in favor of Dove
Creek, struck Nacco’s claim involving the alleged 1999 verbal agreement, and ordered Nacco to
pay Dove Creek $2,580 in attorney’s fees. Nacco thereafter nonsuited its remaining claim for
relief involving the alleged 1997 verbal settlement agreement.
      At trial, Nacco moved for judgment on the ground that Dove Creek’s counterclaim for breach
of the alleged 1997 verbal settlement was barred for the same reason Nacco’s claimed breach of
the 1999 verbal settlement was barred–the settlement agreement was not reduced to writing nor
entered in open court, in violation of Rule 11. The trial court entered written findings of fact and
conclusions of law. One of the conclusions of law was that the 1997 verbal settlement agreement
was not barred by Rule 11. This appeal followed.
Jurisdiction
      We begin with Nacco’s contention that the 192nd District Court lacked jurisdiction to decide
whether the judgment of the 160th District Court had been satisfied. Nacco alleges that, because
the settlement agreement could have been filed with the 160th District Court, had the parties so
chosen, their failure to do so barred suit in the 192nd District Court. In response, Dove Creek
argues that the verbal agreement did not occur until August 1997, some two months after the
default judgment was taken against it on June 16, 1997, and that for that reason, the agreement
was not subject to Rule 11's written filing requirement.



      Nacco argues that our sister court of appeals’ decision in Antonini v. Harris Co. Appraisal
Dist., 999 S.W.2d 608 (Tex. App.—Houston [14th Dist.] 1999, no writ), “strongly suggests” that
a trial court lacks jurisdiction to enforce a settlement agreement that could have been, but was not,
filed in a prior cause of action. In Antonini, a taxpayer brought a breach-of-contract action against
a county tax appraisal district and a county appraisal review board in the 152nd District Court in
Harris County in a 1993 case, alleging that the those entities had breached a settlement agreement
in an appraisal dispute litigated in 1989 in an earlier case. Id. at 609-10. The 1989 case had been
dismissed for want of prosecution and contained no record of a settlement agreement. Id. The 
court of appeals ruled the alleged settlement agreement was not enforceable in the 1993 case
because the agreement was made while the 1989 case was pending, but was not filed with that
court, in violation of Rule 11. Id. at 613. The court noted that the appellant there could have
filed a motion to reinstate the 1989 case after it was dismissed for want of prosecution, but did not
do so. Id. Significantly, however, the grounds for the reviewing court’s rejection of the
appellant’s argument, was not that the district court in the 1993 case lacked jurisdiction to hear
the case, but was instead that the district court correctly entered a take nothing judgment against
the plaintiff under the doctrine of res judicata. Id. at 614-615. Nacco is therefore wrong in
interpreting Antonini as holding that the “second” court lacks jurisdiction; however, Antonini
clearly does stand for the proposition that the filing of a second case may be barred by res
judicata. Id. Antonini squares well with the supreme court’s holding in Mantas v. Fifth Court of
Appeals, 925 S.W.2d 656 (Tex. 1996). There the court ruled that where a settlement agreement
dispute arises while the trial court has jurisdiction over the underlying action, a claim to enforce
the settlement agreement should, if possible, be asserted in that court under the original cause
number. Id. at 658-59. But where the dispute arises after the trial court has lost jurisdiction (in
Mantas, the dispute arose while the case was already on appeal), the party seeking enforcement
of an agreement must file a separate breach of contract cause of action. Id. This rule necessarily
requires that the trial court in the second cause exercise jurisdiction to determine whether the claim
should have been asserted under the original cause of action. We therefore hold the district court
in the instant case had the requisite jurisdiction to consider Dove Creek’s counterclaim and
accordingly, overrule appellant’s fourth issue.
The Sanctions Order
      We next address whether the trial court’s sanction order contains the necessary particularized
findings required of such orders. Rule 13 of the Texas Rules of Civil Procedure provides, “No
sanctions under this rule may be imposed for good cause, the particulars of which must be stated
in the sanction order.” Tex. R. Civ. P. 13. Trial courts are not at liberty to ignore the clear and
unambiguous language of this rule and the failure of a trial court to make particularized findings
of good cause for sanctions constitutes an abuse of discretion. See Barnum v. Munson, 998
S.W.2d 284, 287 (Tex. App.—Dallas 1999, pet. denied); see also Thomas v. Thomas, 917
S.W.2d 425, 432 (Tex. App.—Waco 1996, no writ). The sanctions order entered by the trial
court in the instant case contains no particularized findings.


 For that reason we hold the sanctions
order and the $2,580 attorney’s fees assessed against Nacco therein constituted an abuse of
discretion. Nacco’s first issue is sustained. Given our disposition of the sanctions order, we need
not address Nacco’s contention that the filing for which it was sanctioned was not groundless.
Dove Creek’s Counterclaim
      Nacco contends that Dove Creek’s counterclaim, which alleges overpayment under the verbal
settlement agreement, is barred by Rule 11 for the same reason Nacco’s original claim was
barred–the agreement was never reduced to writing nor filed with the trial court. Dove Creek
responds that, unlike Nacco’s alleged settlement agreement, the verbal settlement agreement
forming the basis of its counterclaim was not reached until after the original trial court lost
jurisdiction, and therefore is not controlled by Rule 11. We disagree. The final judgment in
question was entered in cause number 97-02666 on June 16, 1997. Dove Creek alleged in its
counterclaim pleadings that the verbal settlement agreement was made, “On or before the entry
of the [f]inal judgment,” and that, “pursuant to the Agreement, beginning in May of 1997 and
continuing through May 1998 [Dove Creek] paid [Nacco] on a regular monthly basis the sum of
$1,500. . . .” Clearly, Dove Creek’s position in the court below was that the verbal agreement
it sought to enforce was reached prior to entry of the judgment in cause number 97-02666. The
evidence adduced at trial supports those dates, and nothing in the trial court’s findings of fact
supports a contrary theory. One of the findings of fact entered by the trial court in the instant case
was that “on or about July 15, 1997 [the parties] agreed that [Dove Creek] would continue making
$1500 per month until the final judgment was paid in full.” However, by July of 1997, Dove
Creek had been making regular monthly payments under what it admitted in its pleadings was “the
Agreement” made prior to entry of the trial court’s judgment. To be enforceable, Rule 11
required this settlement agreement to be in writing or entered in open court. In apparent
recognition of this dilemma, Dove Creek, on appeal, abandons its position in the trial court and
contends that “the agreement did not occur until at the earliest after the July 1st 1997 receipt of the
faxed final judgment.”(emphasis added).
      Dove Creek’s argument on appeal that the verbal settlement agreement did not occur prior to
judgment is based on the testimony of Richard Wagner, an employee of Dove Creek, who testified
that because Dove Creek was experiencing “cash flow difficulties” in 1997, he reached an
agreement with Nacco’s lawyer in “May or June 1997" in which Dove Creek agreed to begin
making $1,500 payments to Nacco and allow Nacco to take a default judgment against Dove
Creek, against which the payments would be credited. Wagner testified that he received a copy
of the final judgment by fax on July 1st, 1997:
[Wagner:] I believe I received it [the copy of the final judgment] on June or July 1st
from [Nacco lawyer] Timothy J. Leahy’s office. He faxed it to me as proof that he had
obtained a judgment.
 
Q. And subsequent to receiving that document did you have any conversations with
Mr. Leahy?
 
A. Yes. I – I had made – at that point I had made three payments but I had not
furnished any financial information and I wanted to make sure that he was going to
continue accepting the three payments or the future $1500 payments and not bug me or
harass me about the financial information, since I had made the three payments. And he
agreed at that time that he wouldn’t pursue the financial information.
 
Q. All right. Notwithstanding – not only did he agree to that, was there any other
agreements reached in this conversation after the July 1st, 1997 [sic: June 16, 1997] final
judgment that was sent to you?
 
A. He agreed to continue to accept the $1500 until this final judgment was paid in
full.

      We hold that Wagner’s July 1997 phone call to Nacco’s lawyer, the purpose of which was to
confirm that Dove Creek could continue to make payments under the settlement agreement without
fear of being “bugged” for its failure to provide financial statements Dove Creek previously
agreed to give Nacco, did not constitute a “new” agreement allowing circumvention of Rule 11's
requirement that the settlement agreement be filed with the court “touching any suit pending.” 
To hold otherwise would allow a debtor to circumvent Rule 11 by: making an agreement with the
creditor while the suit was pending, not filing the agreement with the court, and later, simply
phoning the creditor after the trial court lost jurisdiction to inquire as to whether it should continue
making payments under the agreement. We also reiterate that Dove Creek’s own pleadings reveal
that its cause of action against Nacco arose from an alleged overpayment to Nacco under a verbal
settlement agreement made “on or before” entry of the June 16, 1997 in cause number 97-02666
in the 160th District Court. Because the settlement agreement between Nacco and Dove Creek was
made in May or June of 1997, at a time when the case was still pending in the 160th District Court,
the parties failure to comply with Rule 11 bars both from enforcing the settlement agreement under
a breach of contract cause of action. Nacco’s third issue is sustained.
      Given our conclusion that Dove Creek’s breach of settlement agreement claim is barred by
Rule 11, we need not address Nacco’s contention that the trial court erred in its calculation of the
attorney’s fees awarded Dove Creek. The trial court’s May 7, 1999 sanctions order is reversed
and rendered. The trial court’s October 12, 1999 judgment is reversed and rendered. 
 
DAVID L. RICHARDS
                                                                       Justice

Before Chief Justice Davis,
          Justice Vance, and
          Justice Richards (Sitting by Assignment)
Reversed and Rendered
Opinion delivered and filed August 8, 2001
Do not publish