# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00650-CV

**Freddie Louis Brewer, Appellant**

v.

**Texas Department of Criminal Justice Board of Pardons and Paroles; Gerald Garrett; Lynn Brown; Linda Garcia; Rissie Owens; Alvin Shaw; Sandie Walker; and Lucinda Simons, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT NO. GN002172, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING

Freddie Louis Brewer appeals from the district court=s dismissal of his petition for writ of mandamus as frivolous. Brewer requested that the court order the Texas Board of Pardons and Paroles to implement parole guidelines; he also asked for a declaration of the meaning of the statutory requirement that the Board implement parole guidelines. He contended that the Board=s failure to implement parole guidelines was a statutory violation and therefore negligence per se. On appeal, Brewer complains that the district court erred by allowing the Board to withdraw deemed admissions, dismissing his petition, and otherwise denying him relief. We will affirm the judgment.

## BACKGROUND

Brewer, an inmate, requested that the district court order the Board to implement parole guidelines as required by statute. *See* Tex. Gov=t Code Ann. ' 508.144 (West 1998). He moved for summary judgment after the Board failed to timely deny his requests for admission. The deemed admissions were that the Board knew it had to develop and implement parole guidelines, that its existing guidelines did not satisfy the requirement, that he had requested implementation of new guidelines, that eligible inmates are entitled to have their applications reviewed under properly implemented new guidelines, and that the Board must notify inmates denied parole of that decision in writing.

The Board responded with a motion to strike the deemed admissions and a motion to dismiss. The Board supplied affidavits attesting that its attorney did not receive the requests for admissions timely because her legal assistant mistakenly did not forward the requests to her. The Board moved to dismiss on grounds that Brewer did not comply with statutes governing suits by indigent inmates. *See* Tex. Civ. Prac. & Rem. Code Ann. '' 14.001-.014 (West Supp. 2002). Among other charges, the Board contended that his petition was frivolous because a writ of mandamus is not the proper means to shorten a term of confinement; instead, a writ of habeas corpus is the proper method.

The district court struck the deemed admissions and dismissed the case as frivolous. Brewer asserted that he received notice of this judgment more than twenty days after the judgment, and moved the court to retain plenary jurisdiction.

**DISCUSSION**

Brewer raises four issues on appeal. He complains that the district court erred by allowing the Board to withdraw its deemed admissions, by denying his motion for summary judgment, by dismissing his petition, and by not holding a hearing on his motion to retain plenary jurisdiction.

We review a court=s decision to permit the withdrawal of deemed admissions for an abuse of discretion. *Stelly v. Papania*, 927 S.W.2d 620, 622 (Tex. 1996). An abuse of discretion occurs when a court acts without reference to guiding rules or principles, or acts arbitrarily or unreasonably. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241 (Tex. 1985). A court may permit a party to withdraw an admission if a court finds that the party shows good cause for the withdrawal, that the parties relying on the admission will not be unduly prejudiced, and that the withdrawal will subserve the presentation of the action=s merits. Tex. R. Civ. P. 198.3. A party can establish good cause by showing that its failure to answer was accidental or the result of mistake, rather than intentional or the result of conscious indifference. *Stelly*, 927 S.W.2d at 622.

We conclude that the district court did not abuse its discretion by permitting the Board to withdraw its deemed admissions. The Board presented affidavit testimony from its lawyer and her legal assistant showing that the legal assistant mistakenly failed to deliver the requests for admissions to the lawyer; the Board argues that this was a mistake, not an intentional or consciously indifferent failure to answer. The admissions were withdrawn on August 3, 2001, well before the trial date of January 28, 2002, so Brewer would have had time to develop evidence on the issues had the case continued. The withdrawal of the deemed admissions allowed the court to consider the merits of the cause of action without the

3

distortion from unintended, conclusory admissions that did not reflect the views of the party deemed to have admitted them. The district court did not abuse its discretion by permitting their withdrawal.

Nor did the court err by denying the motion for summary judgment. Brewer=s motion relied heavily on the deemed admissions. Without them, he did not show that there was no genuine issue as to any material fact and that he was entitled to judgment as a matter of law; the court correctly denied his motion. *See* Tex. R. Civ. P. 166a(c).

We review the dismissal of a lawsuit brought by an indigent inmate for an abuse of discretion. *See Barnum v. Munson*, *Munson, Pierce & Cardwell, P.C.*, 998 S.W.2d 284, 286 (Tex. App.CDallas 1999, pet. denied). The district court need not rely on the defendant to assert frivolousness; in fact, the district court may dismiss even before the defendant is served with process. Tex. Civ. Prac. & Rem. Code Ann. ' 14.003(a) (West Supp. 2002). Factors in determining whether a suit is frivolous include whether:

(1) the claim=s realistic chance of ultimate success is slight;

(2) the claim has no arguable basis in law or in fact;

(3) it is clear that the party cannot prove facts in support of the claim; or

(4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts.

4

*Id.* ' 14.003(b).  Because the district court did not state the basis on which it found Brewer=s suit frivolous, we must affirm on any basis supported by the record.  *See City of Houston v. Thomas*, (Tex. App.CHouston [1st Dist.] 1992, no writ).

Brewer contends that the Board has not complied with the requirement, passed in 1997, that the board must implement guidelines for making parole decisions.  *See* Tex. Gov=t Code Ann. ' 508.144(a).  He seeks a writ of mandamus ordering the Board to implement guidelines as required by the Government Code.  Brewer ignores the Texas Administrative Code section entitled AStandard Parole Guidelines,@promulgated by the Board and effective on May 1, 1995. *See* 37 Tex. Admin. Code ' 145.2 (2001);[1] *see also* 20 Tex. Reg. 2681 (1995).  Brewer apparently believes that, because the 1995 guidelines were effective more than two years before Government Code section 508.144 was effective, the

---

[1] The administrative code provides in part as follows:

    (1)   To assist the parole decision-maker in its investigation of a possible parole release, the board has adopted standard parole guidelines that are the basis, but not the exclusive criteria upon which parole decisions are made.

    (2)   The standard parole guidelines shall include:

        (A)  current offense or offenses;
        (B)  time served;
        (C)  the risk factors (consideration for public safety);
        (D)  institutional adjustment;
        (E)  the criminal history;
        (F)  official information supplied by trial officials including victim impact statements;
        (G)  information in support of parole.

37 Tex. Admin. Code ' 145.2(b).

existing guidelines cannot serve to satisfy the Government Code requirement that the Board adopt guidelines.

Brewer ignores the fact that the enactment of section 508.144 was essentially a recodification of an existing and similar requirement from a precursor statute. The former statute, in effect when the Board=s 1995 guidelines were adopted, provided as follows:

> developed according to an acceptable research method and shall be based on the seriousness of the offense and the likelihood of favorable parole outcome. The board shall review the parole guidelines periodically and make reports on those reviews to the Legislative Criminal Justice Board. If a member of the board deviates from the parole guidelines in casting a vote on a parole decision, the member shall produce a brief written statement describing the circumstances regarding the departure from the guidelines and place a copy of the statement in the file of the inmate for whom the parole decision was made. The board shall keep a copy of each statement in a central location.

1993 Tex. Gen. Laws at 4307-08. The recodification[2] essentially placed the former statute into an outline structure; the substance of the requirements regarding the Board=s development of parole guidelines did not

---

[2] The recodified statute provides, in relevant part, that the Board shall:

    (1)   develop according to an acceptable research method the parole guidelines that are the basic criteria on which a parole decision is made;

    (2)   base the guidelines on the seriousness of the offense and the likelihood of a favorable parole outcome;

    (3)   implement the guidelines; and

    (4)   review the guidelines periodically.

change.  *Compare* Act of May 28, 1993, 73rd Leg., R.S., ch. 988, ' 10.04, sec. 8(f), 1993 Tex. Gen.

Laws 4274, 4307-08 (codified at Tex. Code Crim. Proc. 42.18 ' 8(f), *repealed by* Act of May 8, 1997,

75th Leg., R.S., ch. 165, ' 12.22, 1997 Tex. Gen. Laws 327, 443) *with* Act of May 8, 1997, 75th Leg.,

R.S., ch. 165, ' 12.22, sec. 508.144, 1997 Tex. Gen. Laws 327, 425 (codified at Tex. Gov=t Code Ann.

' 508.144).  Indeed, the legislature expressly stated that the 1997 act was nonsubstantive.  1997 Tex. Gen.

Laws at 327.  The recodification did not require that the Board pass *new* guidelines, only that it *have*

guidelines.  The guidelines adopted in 1995 were not invalidated simply because the 75th Legislature

reformatted and relocated the requirement that there be guidelines.  To the extent that Brewer argues that

the statute=s meaning is uncertain, the recodification using essentially the same words means that the Board

had to give the new statute the same meaning as it did the repealed statute.  *See Fleming Foods, Inc. v.*

*Rylander*, 6 S.W.3d 278, 282 (Tex. 1999).

Because the Board already had parole guidelines in 1997, it has not shirked its duty under the

recodification to implement guidelines, it did not commit negligence per se by violating a statutory duty to

implement guidelines, and the district court could not order it to adopt guidelines when it already had them.

A declaration of the meaning of the requirement to implement guidelines is unnecessary; the guidelines were

implemented in 1995, and the 1997 recodification did not require new action by the Board.  Brewer=s claim

had no arguable basis in law or fact and no realistic chance of success, and the district court did not abuse

its discretion by dismissing his petition as frivolous.

---

Tex. Gov=t Code Ann. ' 508.144(a).

7

Brewer=s final issue regarding the district court=s failure to hold a hearing regarding when he received notice of the dismissal does not require reversal. *See* Tex. R. Civ. P. 306a. The hearing allows litigants to prove they received late notice of judgment so that they can delay the onset of the appellate timetables until the date of notice. *See id.* The ultimate impact of a Rule 306a hearing is that an untimely appeal is deemed timely and may proceed. Despite the court=s failure to hold a 306a hearing, we have considered the merits of Brewer=s appeal. He has shown no harm.

## CONCLUSION

Having resolved all issues in favor of the district court=s decisions, we affirm the dismissal of Brewer=s petition.

David Puryear, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed: April 25, 2002

Do Not Publish

8