IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00051-CV

 

Shirley Ann Charles,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 52nd District Court

Coryell County, Texas

Trial Court # C0T-03-35093

 



MEMORANDUM 
Opinion










 

Shirley Ann Charles filed a lawsuit
against the State of Texas under the Texas Tort Claims Act. 
The State failed to respond to her complaint, and she filed a motion for
entry of default judgment.  Two days
later, the trial court dismissed her claim for failure to state a cause of action
and for failure to comply with chapter 14 of the Civil Practice and Remedies
Code.  See Tex. Civ. Prac. &
Rem. Code Ann. §§ 14.001-.014 (Vernon 2002).  The trial court did not rule on the motion
for entry of default judgment and denied her motion for leave to file an
amended complaint and reconsideration to alter the judgment.  Charles appeals in four issues: (1) error in
dismissing her claim after she filed a motion for default judgment; (2) error
in dismissing her claim for failure to state a cause of action without allowing
her to amend; (3) error in dismissing her claim for failure to comply with
chapter 14 without designating a specific legal rule; and (4) whether her claim
was dismissed without prejudice; if yes, whether she may re-file her lawsuit to
cure the defects.

We will overrule issues one, two,
and three, and sustain issue four.  We
will reform the judgment and affirm.

BACKGROUND

Charles was denied an alleged
pre-approved four-hour contact visit with a special friend of the family
(Albert Leday), her daughter, and her granddaughter.  Leday drove from Lake Charles, Louisiana and stopped to pick up Charles’s daughter and granddaughter in Beaumont, Texas before arriving to visit Charles at the Mountain View Unit in Coryell County, Texas.  Charles was allowed a
two-hour non-contact visit.  The
four-hour contact visit was allegedly denied because the special friend of the
family had stopped in Beaumont and therefore did not drive more than 300 miles to qualify for a
special relationships contact visit. 
Charles alleges that the correctional officer who denied her the contact
visit did not bring her complaint to the attention of her sergeant to
informally resolve her complaint. 
Charles also alleges that Leday, during the visit, spoke to a sergeant regarding
Charles’s complaint, but he also did not bring her complaint to the attention
of the duty warden to informally resolve her complaint.  Charles suggests a solution could have been
having Leday leave the visiting room so she could visit with her daughter and
granddaughter.  Charles claims she exhausted
both steps of the grievance system. 
Charles sued the State of Texas naming the following defendants: (1) Audrey
L. Smith, Senior Warden of the Mountain View Unit, (2) Kay Sheeley, the
Grievance Coordinator, (3) Sylvia Nance, Assistant Warden of the Mountain View
Unit, (4) Sergeant Lawrence Siggers of the Mountain View Unit, and (5)
Correctional Officer Linda Mayberry of the Mountain View Unit.

STANDARD
OF REVIEW

We apply an abuse of discretion
standard in our review of the trial court's dismissal pursuant to section
14.003 of the Texas Civil Practice and Remedies Code.  Barnum
v. Munson, Munson, Pierce and Cardwell, P.C., 998 S.W.2d 284, 286 (Tex.
App.—Dallas 1999, pet. denied).  A court
abuses its discretion if it acts without reference to guiding rules or
principles or if it acts arbitrarily or unreasonably in light of all the
circumstances in the case.  Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 241-42 (Tex.
1985).  The fact that an appellate court
might decide a matter differently than the trial court does not demonstrate
that an abuse of discretion has occurred.  Id. at 242.

ISSUE
TWO: DISMISSAL FOR FAILURE TO STATE A CAUSE OF ACTION

Charles argues that section 14.003
does not allow for dismissal for failure to state a cause of action.  She argues that she should have been given an
opportunity to amend her petition before dismissal.  She also asserts that her brief should be
liberally construed and that she should be held to less stringent standards as
a pro-se litigant.

When an inmate brings a suit in
which the inmate files an unsworn declaration of inability to pay costs, a
court may dismiss a claim, either before or after service of process, if the
court finds that the claim is frivolous or malicious.  Tex.
Civ. Prac. & Rem. Code Ann. §§ 14.002, 14.003(a)(2); Barnum, 998 S.W.2d at 286.  An inmate has no right to an opportunity to
amend prior to dismissal by the trial court. 
Hughes v. Massey, 65 S.W.3d
743, 746 (Tex. App.—Beaumont 2001, no pet.).  In determining whether a claim is frivolous
or malicious, the court may consider whether (1) the claim's realistic chance
of ultimate success is slight; (2) the claim has no arguable basis in law or
fact; (3) it is clear that the party cannot prove facts in support of the
claim; or (4) the claim is substantially similar to a previous claim filed by
the inmate because the claim arises from the same operative facts.  Tex.
Civ. Prac. & Rem. Code Ann. § 14.003(b).

A trial court may dismiss a claim as
frivolous when it has no arguable basis in law or fact.  Id. § 14.003(a)(2), (b)(2).  A fact hearing is necessary only if the claim
has an arguable basis in law.  Denson v. T.D.C.J.-I.D., 63 S.W.3d 454,
459 (Tex. App.—Tyler 1999, pet. denied). 
In this case, the trial court did not hold a fact hearing.  Thus, its basis for determining that
Charles’s causes of action were frivolous could not have been because it found
they had no arguable basis in fact, but because they had no arguable basis in
law.  Id.  The
issue as to whether there was an arguable basis in law is a legal question that
we review de novo.  Id.; see also
In re Humphreys, 880 S.W.2d 402, 404 (Tex. 1994). 
We will examine the types of relief and causes of action Charles pled in
her petition to determine if they have an arguable basis in law.

Charles
states on her petition that this is a “Petition to Bring Claim Under the Texas
Tort Claims Act.”  She also requests $250,000
in compensatory damages under Texas Civil Practice and Remedies Code § 101.021.  Tex.
Civ. Prac. & Rem. Code Ann. § 101.021 (Vernon 1997).  Charles
put the “State of Texas” in the style of her case, and she claims in
her petition that the parties are five state employees.  A party bringing a cause of action under the
Texas Tort Claims Act must sue a governmental unit of the State.  See
Lentworth v. Trahan, 981 S.W.2d 720, 722 (Tex. App.—Houston [1st Dist.]
1998, no pet.).  Charles failed to do so.
Thus, Charles has not stated a claim under the Texas Tort Claims Act.

In
addition, Charles states that she attached her step one and step two grievance
decisions as Exhibits B and C.  However, the
grievance decisions are not in the appellate record, and Charles does not provide
in her petition the dates of the grievance decisions or the date she received
the written decisions.  See Tex.
Civ. Prac. & Rem. Code Ann. § 14.005.  An inmate may not file a claim in state court
regarding operative facts for which the grievance system provides the exclusive
administrative remedy until she receives a written decision issued by the
highest authority provided in the grievance system.  Tex.
Gov’t Code Ann. § 501.008(d)(1) (Vernon 2004).  The grievance system provides the exclusive
administrative remedy for inmate claims arising under the Texas Tort Claims
Act.  See
Wallace v. Tex. Dep't
of Criminal Justice-Inst'l Div.,
36 S.W.3d 607, 611 (Tex. App.—Houston [1st Dist.] 2000, pet. denied).  An examination of the record in this case
does not reveal that Charles has filed any claim through the inmate grievance
system.

Charles
also asserts “requested relief”: (1) violation of the Texas Department of
Criminal Justice-Institutional Division’s Offender Visitation Plan; (2)
discrimination; (3) prejudice; (4) cruel and unusual punishment giving rise to
emotional distress and mental anguish; (5) denial of free association; and (6)
an injunction to transfer her to the Texas City Unit and upgrade her status to
allow contact visits.  Due to
insufficient information in the petition, we find these have no arguable basis in
law.

Therefore,
the trial court did not abuse its discretion in dismissing Charles’s lawsuit
because we find that none of her claims have an arguable basis in law.  We overrule issue two.

ISSUE
ONE: DEFAULT JUDGMENT

Charles argues that the trial court
erred in dismissing her lawsuit after she had already filed a motion for entry
of default judgment.  Under the statute,
the trial court could find appellant’s lawsuit frivolous and dismiss it at any
time, with or without a motion.  See Tex.
Civ. Prac. & Rem. Code Ann. § 14.003(a)(2).  We overrule issue one.

ISSUE
THREE: DISMISSAL AS TO CHAPTER 14 GENERALLY

Charles argues the trial court erred
in dismissing her claim for failure to comply with chapter 14 without
specifically stating the legal rule(s).  Chapter
14 of the Texas Civil Practice and Remedies Code grants trial courts special
power to summarily dismiss prisoner suits, even in the absence of a hearing.  Compare
Tex. Civ. Prac. & Rem. Code Ann. §
14.003 with Villareal v. San Antonio
Truck & Equip., 994 S.W.2d 628, 630-31 (Tex. 1999) (dismissal under
Texas Rule of Civil Procedure 165a improper without giving notice of intent to
dismiss stating grounds).  Thus, we hold
the trial court's failure to specifically state the grounds for dismissal is
not an abuse of discretion.

Assessing other rules she may have
violated, Charles brings two sub-issues: (1) whether the trial court dismissed her
claim for failure to meet the 31 day statute of limitations; and (2) whether
the clerk erred in returning her pleadings without docketing them.  Because the trial court could have summarily
dismissed her claims as frivolous, we need not address these sub-issues.

We overrule issue three.




ISSUE
FOUR: WITH OR WITHOUT PREJUDICE

Charles’s dismissal order does not
specifically state whether her lawsuit was dismissed with or without
prejudice.  Charles argues that her lawsuit
should have been dismissed without prejudice. 
She also argues that if her lawsuit was dismissed without prejudice, she
should be allowed to re-file her lawsuit to cure the defects.

Dismissal with prejudice constitutes
adjudication on the merits and operates as if the case had been fully tried and
decided.  Mossler v. Shields, 818 S.W.2d 752, 754 (Tex. 1991). 
Dismissal with prejudice would act as a bar to any lawsuit, arising out
of the same facts, brought by appellant against appellee.  Lentworth
v. Trahan, 981 S.W.2d 720, 723 (Tex. App.—Houston [1st Dist.] 1998, no pet.).  Dismissal with prejudice is improper if
appellant was not given an opportunity to amend her petition to cure the
defects.  See Hughes v. Massey, 65 S.W.3d 743, 745 (Tex. App.—Beaumont 2001, no pet.).  The trial court clearly dismissed Charles’s
lawsuit because it deemed the matter frivolous under section 14.003, which
would require dismissal without prejudice. 
See Mullins v. Estelle High Sec.
Unit, 111 S.W.3d 268, 273-74 (Tex. App.—Texarkana 2003, no pet.).  Charles’s lawsuit was also subject to
dismissal for failure to use administrative remedies under section 14.005, and
dismissal for failure to comply with the conditions in section 14.005 is not a
dismissal on the merits.  See Crain v. Prasifka, 97 S.W.3d 867,
870 (Tex. App.—Corpus Christi 2003, pet. denied).  Thus, the proper order for Charles is
dismissal without prejudice.  We reform the
judgment to specifically provide that the cause is dismissed without prejudice.  See
Williams v. Brown, 33 S.W.3d 410, 412 (Tex. App.—Houston [1st Dist.] 2000,  no pet.). 
However, only after Charles exhausts her administrative remedies and
receives a written decision from the highest authority in the grievance system,
may she re-file her lawsuit to attempt to cure the defects.  See Tex. Civ. Prac. & Rem. Code Ann. §
14.005; Tex. Gov’t Code Ann. §
501.008(d)(1); McConnell v. Attorney Gen.
of Tex., 878 S.W.2d 281, 283 (Tex. App.—Corpus Christi
1994, no writ).  But see Tex. Civ. Prac.
& Rem. Code Ann. § 14.003(b)(4), 14.004 (court’s considerations for
determining whether a claim is frivolous and requirement for an “Affidavit
Related to Previous Filings”).

We sustain issue four.

CONCLUSION

We reform the judgment to state:

THE ABOVE STYLED AND NUMBERED CAUSE IS HEREBY
DISMISSED WITHOUT PREJUDICE AS TO THE FOLLOWING REASONS: FAILURE TO STATE CAUSE OF ACTION AND FAILURE TO COMPLY WITH SECTION
14 OF CIVIL PRACTICE AND REMEDIES CODE.

 

Having overruled issues one, two,
and three, and sustained issue four, we affirm the judgment as reformed.

 

 

BILL VANCE

Justice

 

Before Chief Justice Gray,

Justice Vance, and

Justice Reyna

          (Chief Justice Gray
dissenting)

Affirmed as reformed

Opinion delivered and filed February
 23, 2005

[CV06]