# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-09-00453-CV

**Robert Lee Martin, Appellant**

**v.**

**Mary Kay Sicola, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT
### NO. D-1-GN-08-001337, HONORABLE JON N. WISSER, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

This is an appeal from a summary judgment in a legal malpractice case brought by appellant Robert Lee Martin against his former criminal defense attorney, appellee Mary Kay Sicola, in connection with her representation of him in a criminal case. We will affirm.

### BACKGROUND

On June 7, 2001, a jury convicted Martin of aggravated sexual assault, *see* Tex. Penal Code Ann. § 22.021 (West Supp. 2009), sentenced him to life in prison, and assessed a $10,000 fine. Shortly after this conviction, the trial court appointed appellate counsel for Martin, but that counsel, who is not party to this suit, failed to file a notice of appeal. Later that same year, the trial court appointed Sicola as Martin's new appellate counsel and she filed an application for writ of habeas corpus with the court of criminal appeals, asserting that Martin's previous appellate counsel had denied Martin the right to appeal his conviction by failing to file a notice of appeal. The court of

criminal appeals agreed and granted Martin the right to directly appeal his conviction. *See Ex parte Martin*, No. 74,303 (Tex. Crim. App. March 13, 2002), *available at* http://www.cca.courts.state.tx. us/opinions/OpinionInfo.asp?OpinionID=3822. Shortly after the court of criminal appeals granted Martin leave to file an out-of-time appeal, Sicola filed a notice of appeal with this Court. After several months, however, Sicola filed a motion to withdraw as Martin's counsel and an accompanying *Anders* brief, asserting that she had reviewed the record in Martin's case and found no arguable issues for direct appeal.[1] We subsequently affirmed Martin's conviction and granted Sicola's motion to withdraw. *See Martin v. State*, No. 03-02-00435-CR, 2003 WL 21087732 (Tex. App.—Austin May 15, 2003, pet. ref'd).

In March 2007, Martin filed a third application for habeas corpus relief with the court of criminal appeals,[2] alleging that he had been denied the right to file a petition for discretionary review with that court because Sicola had failed to notify him that this Court had affirmed his conviction and because she had failed to inform him that he could file a petition for discretionary review pro se. The court of criminal appeals agreed and granted Martin's requested relief, permitting him to file an out-of-time petition for discretionary review. *See Ex parte Martin*, No. AP-75703, 2007 WL 1704046 (Tex. Crim. App. June 13, 2007). The court of criminal appeals, however,

---

[1] An *Anders* brief is a document filed by a court-appointed defense attorney who wants to withdraw from the case based on a belief that the appeal is frivolous. The brief must identify anything in the record that might arguably support the appeal. The court then decides whether the appeal is frivolous and whether the attorney should be permitted to withdraw. *See Anders v. California*, 386 U.S. 738 (1967).

[2] In addition to the proceedings discussed in this opinion, Martin filed two other requests for habeas corpus relief and two requests for mandamus relief with the court of criminal appeals, all of which were ultimately denied or dismissed by that court.

ultimately refused Martin's petition for discretionary review.  *See Martin v. State*, PD 1068-07 (Tex. Crim. App. July 27, 2007), *available at* http://www.cca.courts.state.tx.us/opinions/eventinfo .asp?eventID=2314124.

Martin, acting pro se, filed this civil suit against Sicola in April 2008, alleging that Sicola committed malpractice in his appeal of the aggravated sexual assault conviction by (1) filing an *Anders* brief asserting that his appeal was frivolous and without merit, (2) failing to inform him that this Court had affirmed his aggravated sexual assault conviction in May 2003, (3) failing to inform him that he could file a petition for discretionary review on his own, (4) failing to inform him that this Court had granted Sicola's motion to withdraw as his attorney of record, and (5) acting as his counsel without being legally appointed.  As relief for these alleged wrongful acts, Martin sought $150,000 plus punitive damages.

Sicola filed an answer and then later a motion for no-evidence summary judgment, asserting that she was entitled to judgment as a matter of law on Martin's claim for legal malpractice because Martin could not produce any evidence of causation.  After a hearing, the trial court granted Sicola's motion for summary judgment.

## DISCUSSION

On appeal, Martin contends that the trial court erred by granting Sicola's motion for summary judgment and by failing to issue findings of fact and conclusions of law.

3

*Summary Judgment*

In his first issue on appeal, Martin asserts that the trial court erred in granting Sicola's no-evidence motion for summary judgment because (1) the summary-judgment evidence raised a fact question as to each element of his claim for legal malpractice, (2) other jurisdictions allow a plaintiff to sue for legal malpractice arising from representation in a criminal matter regardless of the plaintiff's innocence, and (3) the trial court failed to review all the summary-judgment evidence.

We review summary judgments de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). A no-evidence summary judgment is essentially a pre-trial directed verdict, to which we apply a legal sufficiency standard of review. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750-51 (Tex. 2003). Under the no-evidence standard, a defendant may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim on which the plaintiff would have the burden of proof at trial. Tex. R. Civ. P. 166a(i); *Holmstrom v. Lee*, 26 S.W.3d 526, 530 (Tex. App.—Austin 2000, no pet.). Once the movant specifies the elements on which there is no evidence, the burden shifts to the nonmovant to raise a fact issue on the challenged elements. Tex. R. Civ. P. 166a(i). A no-evidence summary judgment will be sustained when (1) there is a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a scintilla, or (4) the evidence conclusively establishes the opposite of a vital fact. *King Ranch*, 118 S.W.3d at 751. We view the evidence in the light most favorable to the nonmovant, disregarding all contrary evidence and inferences. *Id*.

4

To recover on a claim for legal malpractice, a plaintiff must prove that (1) the attorney owed the plaintiff a duty, (2) the attorney breached that duty, (3) the breach proximately caused the plaintiff's injuries, and (4) damages occurred. *Peeler v. Hughes & Luce*, 909 S.W.2d 494, 496 (Tex. 1995) (citing *Cosgrove v. Grimes*, 774 S.W.2d 662, 665 (Tex. 1989)). Additionally, when the legal malpractice claim arises from negligent representation in a criminal matter in which the plaintiff was convicted, the plaintiff must show that "he has been exonerated from the criminal conviction, either by direct appeal, post-conviction relief, or otherwise." *Id.* at 497. This is so because, "as a matter of law, it is the illegal conduct rather than the negligence of a convict's counsel that is the cause in fact of any injuries flowing from the conviction, unless the conviction has been overturned." *Id.* at 498. Thus, a plaintiff convicted of a criminal offense, who remains convicted of that offense, is barred from bringing a legal malpractice action arising from negligent representation in that criminal matter. *See id.* at 497 ("As a result, only plaintiffs who have been exonerated are permitted to negate the sole proximate cause bar to their cause of action for professional negligence . . . .").

In her motion for summary judgment, Sicola asserted that she was entitled to summary judgment under the supreme court's decision in *Peeler* because Martin remained convicted of aggravated sexual assault and, thus, could produce no evidence that his conviction had been overturned. In response to this argument, Martin reiterated his contention that Sicola had committed various negligent acts while representing him and offered evidence of those wrongful acts. He did not, however, produce evidence that his conviction has been overturned—in fact, he admitted in his

5

pleadings to the trial court and in his briefs to this Court, that his conviction stands.[3]  Thus, under

controlling Texas Supreme Court authority, Martin's claim for legal malpractice against Sicola is

barred as a matter of law and, thus, Sicola was entitled to summary judgment.

Martin argues that we should follow Michigan and Ohio supreme court decisions that

allow a convict to assert legal malpractice claims against defense counsel regardless of innocence.

*See Gephardt v. O'Rourke*, 510 N.W.2d 900 (Mich. 1994) (holding that successful post-conviction

relief is not prerequisite to maintenance of legal malpractice claim arising out of negligent

misrepresentation in criminal matter); *Kahn v. Kinney*, 538 N.E.2d 1058 (Ohio 1989) (holding that

same elements of proof apply to all legal malpractice actions regardless of whether they arise from

civil or criminal representation).  We decline Martin's suggestion that we disregard the binding

authority of *Peeler* in favor of non-binding authority.  The supreme court squarely addressed this

issue in *Peeler* and held that "plaintiffs who have been convicted of a criminal offense may negate

the sole proximate cause bar to their claim for legal malpractice in connection with that conviction

*only if they have been exonerated* on direct appeal, through post-conviction relief, or otherwise."

*Peeler*, 909 S.W.2d at 497-98 (emphasis added); *see also Swilley v. McCain*, 374 S.W.2d 871, 875

(Tex. 1964) ("After a principle, rule or proposition of law has been squarely decided by the Supreme

Court, or the highest court of the State having jurisdiction of the particular case, the decision is

accepted as a binding precedent by the same court or other courts of lower rank when the very point

---

[3]  Martin maintains his innocence and asserts that he could be exonerated of his crime, specifically referring to a petition for writ of habeas corpus he filed in federal court.  The federal district court in Austin has since denied Martin's petition.  *See Martin v. Thaler*, No. A-08-CA-732-SS, 2009 WL 3756890 (W.D. Tex. Nov. 6, 2009).

6

is again presented in a subsequent suit between different parties.").  Further, *Peeler* specifically discusses and rejects the *Kahn* and *Gephardt* holdings.  *See Peeler*, 909 S.W.2d at 497.  Finally, even if we were inclined to adopt a different rule, "[a]s an intermediate appellate court, we are not free to mold Texas law as we see fit but must instead follow the precedents of the Texas Supreme Court unless and until the high court overrules them or the Texas Legislature supersedes them by statute." *Petco Animal Supplies, Inc. v. Schuster*, 144 S.W.3d 554, 565 (Tex. App.—Austin 2004, no pet.).

Martin also argues that his suit against Sicola is distinguishable from *Peeler* because Sicola, as his appellate lawyer, did not "cause[] his indictment or conviction," but instead she hindered his ability "to attack [his] conviction."  We take Martin's argument here to be, in essence, that his alleged injury from Sicola's negligence did not "flow[] from [his] conviction" for aggravated sexual assault.  *See Peeler*, 909 S.W.2d at 498.  We disagree.  The basis of Martin's complaint, as Martin articulates it, is that Sicola's "wrongful [a]ct denied [Martin] the opportunity on direct appeal to determine if [Martin] had been lawfully convicted."  Clearly, Martin's ability or inability to appeal his conviction relates to and flows from the conviction itself.  *Cf. Barnum v. Manson, Manson, Pierce and Cardwell, P.C.*, 998 S.W.2d 284 (Tex. App.—Dallas 1999, pet. denied) (holding convict's malpractice claim against appellate attorney was barred as matter of law because conviction had not been overturned); *Garner v. Redmond*, No. 13-02-00658-CV, 2004 WL 1746352, at *3 (Tex. App.—Corpus Christi Aug. 5, 2004, pet. denied) (holding that convict's malpractice claim arising from negligent representation in a parole hearing was barred as matter of law because his conviction had not been overturned).

7

Finally, Martin argues that the trial court failed to consider all of the summary-judgment evidence in this matter. The summary-judgment order issued by the trial court, however, states that the trial court "considered . . . the summary judgment evidence." Further, rule 166a(i) provides that no-evidence summary judgment is appropriate unless the respondent produces summary-judgment evidence raising a genuine issue of material fact. Tex. R. Civ. P. 166a(i). Thus, absent any indication to the contrary, we presume that the trial court considered all the summary-judgment evidence before it when it decided whether no-evidence summary judgment was appropriate. Regardless, however, as part of our de novo review of the trial court's summary judgment, we have considered all the summary-judgment evidence and determined that there is no evidence in the record that Martin's conviction has been overturned.

We overrule Martin's first issue on appeal.

### Findings of Fact and Conclusions of Law

In his final issue, Martin contends that the trial court erred by failing to issue findings of fact and conclusions of law as required by the rules of civil procedure. *See* Tex. R. Civ. P. 296, 297. Although the rules require a trial court, when requested to do so by any party, to prepare findings and conclusions in cases tried without a jury, *see id.*, findings and conclusions are not appropriate in a matter determined by summary judgment. *See Linwood v. NCNB Tex.*, 885 S.W.2d 102, 103 (Tex. 1994) (noting that "findings of fact and conclusions of law have no place in a summary judgment proceeding"). This is so because a trial court may not render summary judgment unless there is no "genuine issue as to any material fact" and because the legal grounds for summary judgment are limited to those stated in the motion and response. *IKB Indus. (Nig.) Ltd. v. Pro-Line*

*Corp.*, 938 S.W.2d 440, 441 (Tex. 1997). In other words, if summary judgment is proper, there are no facts to find and the legal conclusions were set forth in the motion and response. *Id.* Thus, the trial court should not issue findings and conclusions in connection with a summary judgment and, if asked to do so, should ignore the request. *Id.* Accordingly, the trial court here did not err by failing to issue findings and conclusions. We overrule Martin's second issue on appeal.

## CONCLUSION

Having determined that summary judgment was proper and that the trial court did not err by failing to make findings of fact and conclusions of law, we affirm the judgment of the trial court.

_____

David Puryear, Justice

Before Justices Patterson, Puryear and Henson

Affirmed

Filed:   December 1, 2010