# NO. 12-11-00360-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ROCKY A. AUTRY,* <br> *APPELLANT* | § | *APPEAL FROM THE THIRD* |
| *V.* | | |
| | § | *JUDICIAL DISTRICT COURT* |
| *RICK THAYER, (DIRECTOR, T.D.C.J.)* <br> *JOHN RUPERT, STEPHEN HAM,* <br> *SCOTT HOLLEY, CLYDE BAIRFIELD, JR.,* <br> *AND JOHN FRESHOUR,* <br> *APPELLEES* | § | *ANDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Rocky A. Autry appeals from the trial court's dismissal of his suit under Chapter Fourteen of the Texas Civil Practice and Remedies Code. He raises two issues on appeal.[1] We affirm in part and dismiss in part.

### BACKGROUND

Rocky A. Autry sued the Texas Department of Criminal Justice, Institutional Division in September 2011. In his petition, he alleges that he sustained injuries while working in a prison where he was an inmate. The trial court determined that Autry's lawsuit was frivolous pursuant to Chapter Fourteen of the Texas Civil Practice and Remedies Code and dismissed it. Specifically, the court dismissed the lawsuit without prejudice after finding that no grievance had been "furnished" as required by Chapter Fourteen and that the "realistic chances of ultimate success [were] slight" because it appears that governmental immunity applies to this case. This appeal followed.

---

[1] Autry states that he raises three issues, but we have organized the arguments he presents into two issues.

In two issues, Autry argues that he properly exhausted his administrative remedies as a prerequisite to filing suit or that his failure to do so should be excused.

## Standard of Review

We review a trial court's dismissal of an *in forma pauperis* inmate's suit under an abuse of discretion standard and will reverse only if we conclude the trial court acted without reference to any guiding rules or principles. *Hickman v. Adams*, 35 S.W.3d 120, 123 (Tex. App.–Houston [14th Dist.] 2000, no pet.); *Barnum v. Munson*, 998 S.W.2d 284, 286 (Tex. App. –Dallas 1999, pet. denied); *Hickson v. Moya*, 926 S.W.2d 397, 398 (Tex. App. –Waco 1996, no writ). We will affirm a dismissal if it was proper under any legal theory. *See Johnson v. Lynaugh*, 796 S.W.2d 705, 706-07 (Tex. 1990) (per curiam); *Birdo v. Ament*, 814 S.W.2d 808, 810 (Tex. App.–Waco 1991, writ denied). The trial courts are given broad discretion to determine whether a case should be dismissed because (1) prisoners have a strong incentive to litigate; (2) the government bears the cost of an *in forma pauperis* suit; (3) sanctions are not effective; and (4) the dismissal of unmeritorious claims accrues to the benefit of state officials, courts, and meritorious claimants. *See Montana v. Patterson*, 894 S.W.2d 812, 814-15 (Tex. App.–Tyler 1994, no writ).

## Applicable Law

Chapter Fourteen of the Texas Civil Practice and Remedies Code controls suits brought by an inmate when the inmate files an affidavit or unsworn declaration of inability to pay costs. TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a) (West 2012); *Hickson*, 926 S.W.2d at 398. A court may dismiss a suit brought pursuant to that chapter before or after process is served if the court finds that the claim is frivolous or malicious. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2) (West 2002). In addition, an inmate's lawsuit may be dismissed if it fails to meet the procedural requirements imposed by Chapter Fourteen. *See Thompson v. Rodriguez*, 99 S.W.3d 328, 330 (Tex. App.–Texarkana 2003, no pet.); *Lilly v. Northrep*, 100 S.W.3d 335, 336 (Tex. App.–San Antonio 2002, pet. denied).

One such procedural requirement is that the inmate must properly exhaust available administrative remedies by completing the prison administrative grievance process. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.005 (West 2002); *Leachman v. Dretke*, 261 S.W.3d 297, 308-10 (Tex. App.–Fort Worth 2008, no pet.) (op. on reh'g) (describing grievance process).

2

Section 14.005, entitled Grievance System Decision; Exhaustion of Administrative Remedies, provides as follows:

> (a) An inmate who files a claim that is subject to the grievance system established under Section 501.008, Government Code, shall file with the court:
>
> > (1) an affidavit or unsworn declaration stating the date that the grievance was filed and the date the written decision described by Section 501.008(d), Government Code, was received by the inmate; and
> >
> > (2) a copy of the written decision from the grievance system.
>
> (b) A court shall dismiss a claim if the inmate fails to file the claim before the 31st day after the date the inmate receives the written decision from the grievance system.

*Id*. § 14.005(a), (b).

These requirements serve two purposes. First, compliance demonstrates that the inmate has exhausted his administrative remedies, and second, the information provided by the inmate will enable the court to determine whether the inmate has filed his claim within the requisite time period. *See Garrett v. Borden*, 283 S.W.3d 852, 853 (Tex. 2009).

**Analysis**

We note that Autry does not challenge the trial court's finding that the lawsuit has little chance of succeeding because it is likely barred by governmental immunity. We express no opinion on the merits of the trial court's finding, but the trial court's unchallenged finding is sufficient to uphold the dismissal under Section 14.003(a)(3), Texas Civil Practice and Remedies Code, which permits a trial court to dismiss a claim the court finds to be frivolous. *Cf. Chapman v. Tex. Dep't of Crim. Justice-Institutional Div.*, No. 12-07-00418-CV, 2008 Tex. App. LEXIS 5724, at *6–7 (Tex. App.–Tyler July 31, 2008, no pet.) (mem. op.) (upholding dismissal on basis of sovereign immunity for alleged negligent supervision of personal property).

The dismissal is also independently supported by the trial court's finding that Autry failed to exhaust his administrative remedies. By law, an inmate is required to file with his lawsuit a declaration stating the date he received the "written decision described by Section 501.008(d), Government Code" and a copy of that written decision. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(a)(1), (2). The written decision described by Section 501.008(d)(1) is a "written decision issued by the highest authority provided for in the grievance system."

In his first issue, Autry argues that he filed the proper documents with his lawsuit to show that he had exhausted any administrative remedies. We disagree. As Autry concedes, there are two steps to the grievance process. *See Texas Department of Criminal Justice Offender Orientation Handbook* 52 (2004).[2] Autry's "Step One" grievance was returned to him twice because it was not timely filed. Autry claims he did not file a "Step Two" grievance. A "Step Two" grievance is for an inmate who is "not satisfied with the Step 1 response." *Id*. Because he did not provide a written decision from the highest authority provided by the grievance system, specifically a "Step Two grievance," Autry has not complied with the requirement that he exhaust his administrative remedies, and his lawsuit could not be filed pursuant to Section 501.008(d)(1), Texas Government Code. Accordingly, the trial court did not err in dismissing his lawsuit. *See*, *e.g.* **Conely v. Tex. Bd. of Crim. Justice**, No. 03-11-00094-CV, 2012 Tex. App. LEXIS 4354, at *10-12 (Tex. App.–Austin May 30, 2012) (pet. denied) (mem. op.,) (upholding dismissal for failure to demonstrate exhaustion of administrative remedies). Therefore, we overrule Autry's first issue.

In his second issue, Autry argues that his failure to timely file his step one grievance should be excused or that a jury should pass on that question. On the question of whether the prison system erred in determining that his complaint was not timely filed, we agree with a recent decision from the First Court of Appeals holding that we lack jurisdiction to review that kind of agency determinations. *See* **Cox v. Tex. Dep't of Crim. Justice**, No. 01-12-00088-CV, 2012 Tex. App. LEXIS 5539, at *2-3 (Tex. App.–Houston [1st Dist.] July 5, 2012, no pet.) (mem. op.) (per curiam). When a lawsuit is filed, it is not a review of the grievance procedure with the prison, but independent litigation of the underlying complaint. We lack jurisdiction to review the actual agency decision. *Id*. (citing TEX. GOV'T CODE ANN. § 2001.226 (West 2008); **Cont'l Cas. Ins. Co. v. Functional Restoration Assocs.**, 19 S.W.3d 393, 397 (Tex. 2000); **Foster v. Tex. Dep't of Criminal Justice**, 344 S.W.3d 543, 547-49 (Tex. App.–Austin 2011, pet. denied)). Accordingly, this issue must be dismissed.

## DISPOSITION

We *dismiss* Autry's second issue for lack of jurisdiction, and we otherwise *affirm* the judgment of the trial court.

---

[2] Available at http://www.tdcj.state.tx.us/publications/pubs_cid_offender_orientation_handbook.html.

**BRIAN HOYLE**
Justice

Opinion delivered February 28, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 28, 2013**

**NO. 12-11-00360-CV**

**ROCKY A. AUTRY,**
Appellant
V.
**RICK THAYLER, (DIRECTOR T.D.C.J.)**
**JOHN RUPERT, STEPHEN, HAM, SCOTT HOLLEY,**
**CLYDE BAIRFIELD, JR., AND JOHN FRESHOUR,**
Appellees

Appeal from the 3rd Judicial District Court

of Anderson County, Texas. (Tr.Ct.No. 3-41547)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

6