**Tommie J. DENSON, Appellant,**

v.

**T.D.C.J–I.D., et al., Appellees.**

**No. 12–99–00177–CV.**

Court of Appeals of Texas,
Tyler.

Oct. 28, 1999.

Rehearing Overruled Dec. 29, 1999.

Tommie Denson, Tennessee Colony, TX, appellant pro se.

Officer Reed, Tennessee Colony, TX, for appellee.

RAMEY, Chief J.

The trial court dismissed as frivolous or malicious Appellant Tommie Denson's ("Denson") *pro se in forma pauperis* civil suit against the Texas Department of Criminal Justice—Institutional Division ("TDCJ–ID") and employees Ken Kuykendall, John Eaton, Nick Kokila, Rochelle McKinney, and Virginia Buchanan ("individual defendants") approximately three days after Denson filed his petition. The dismissal was rendered pursuant to Tex. Civ.Prac. & Rem.Code Ann. § 14.003(a)(2), (b)(2) (Vernon Supp.1998). On appeal, Denson complains that the trial court erred when it dismissed his claims as frivolous or malicious without a fact hearing. We will affirm.

## BACKGROUND

In his original petition, Denson pled causes of action under Tex.Civ.Prac. & Rem. Code Ann. § 101.001 *et seq.*, commonly known as the Texas Tort Claims Act ("the Act"), negligence, and 42 U.S.C.A.1983 ("Section 1983") due to violations of the Fifth Amendment of the United States Constitution, the Tex. Health & Safety Code Ann. § 591.024 (Vernon 1992) and the Tex. Gov't Code § 501.053 (Vernon 1998). He also pled conspiracy against the individual defendants and requested injunctive relief. Denson, who purportedly suffers from foot problems, asserted these claims based upon allegations of medical malpractice by TDCJ–ID employees. More specifically, he alleged that his health care providers failed to treat his bunions in an appropriate manner, did not perform timely surgery, did not provide him with correct footwear, and did not issue a lower-bunk order to protect him from injury caused by jumping to the floor from the top bunk.

## DISMISSAL OF CAUSES AS FRIVOLOUS OR MALICIOUS

When a plaintiff files an affidavit of inability to pay, the trial court has broad discretion to dismiss the suit as frivolous or malicious. Tex.Civ.Prac. & Rem.Code Ann. § 14.003(a)(2), (b)(2) (Vernon Supp. 1998); *Perales v. Kinney,* 891 S.W.2d 731, 733 (Tex.App.—Houston [1st Dist.] 1994, no writ). We review the trial court's dismissal of an action as frivolous or malicious for an abuse of discretion. *Carson v. Gomez,* 841 S.W.2d 491, 494 (Tex.App.—Houston [1st Dist.] 1992, no writ). A trial court abuses its discretion if it acts arbitrarily, capriciously, and without reference to any guiding rules or principles. *Brewer v. Collins,* 857 S.W.2d 819, 822 (Tex.App.—Houston [1st Dist.] 1993, no writ).

■ A trial court may dismiss a claim as frivolous when it has no arguable basis in law or fact. *See* Tex.Civ.Prac. & Rem. Code Ann. § 14.003(a)(2), (b)(2). A fact hearing is only necessary if the claim has an arguable basis in law. *See In re Wilson*, 932 S.W.2d 263, 265 (Tex.App.—El Paso 1996, no writ); *McDonald v. Houston Dairy*, 813 S.W.2d 238, 239 (Tex.App.—Houston [1st Dist.] 1991, no writ). In the instant case, because the trial judge held no fact hearing, his basis for determining that Denson's causes of action were frivolous or malicious could not have been because he found that they had no arguable basis in fact. *Hector v. Thaler*, 862 S.W.2d 176, 178 (Tex.App.—Houston [1st Dist.] 1993, no writ). Thus, the issue in the instant case is whether the trial court properly determined that there was no arguable basis in law for Denson's suit. *Hector*, 862 S.W.2d at 178; *also see Birdo v. Williams*, 859 S.W.2d 571, 572 (Tex. App.—Houston [1st Dist.] 1993, no writ).

■■ While the dismissal of inmate litigation under Chapter 14 is generally reviewed for abuse of discretion,[1] the issue as to whether there was an arguable basis in law is a legal question that we review de novo. *In re Humphreys*, 880 S.W.2d 402, 404 (Tex.1994), *cert. denied*, 513 U.S. 964, 115 S.Ct. 427, 130 L.Ed.2d 340 (1994) (explaining that questions of law are always reviewable de novo); *Sawyer v. Texas Dep't of Crim. Justice*, 983 S.W.2d 310, 311 (Tex.App.—Houston [1st Dist.] 1998, no writ). We are to review and evaluate *pro se* pleadings by standards less stringent than those applied to formal pleadings drafted by lawyers. *Thomas v. Collins*, 860 S.W.2d 500, 503 (Tex.App.—Houston [1st Dist.] 1993, writ denied).

■ To determine whether the trial court properly decided that there were no arguable bases in law for Denson's claims, we examine the types of relief and causes of action Denson pled in his petition to determine whether, as a matter of law, the petition stated causes of action that would authorize relief.

### TEXAS TORT CLAIMS ACT

■ The Act does not provide for recovery against individuals employed by the state. *Aguilar v. Chastain*, 923 S.W.2d 740, 744 (Tex.App.—Tyler 1996, writ denied). *Perales*, 891 S.W.2d at 733. A person making a claim under the Act must sue the governmental unit responsible for allegedly causing the harm in order to invoke the waiver of sovereign immunity. Tex.Civ.Prac. & Rem.Code Ann. § 101.025(b); *Birdo*, 819 S.W.2d at 215. Therefore, the individual defendants, as state employees, were not proper parties to this suit to the extent that they are being sued under the Act. The trial court did not err when it dismissed those claims.

■ In regards to Denson's claim against TDCJ–ID under the Act, whether a governmental entity may be held liable for the action of an employee involves a two-step analysis. The first step is whether the claim arises under one of three specific areas of liability. *See Alvarado v. City of Brownsville*, 865 S.W.2d 148, 155 (Tex.App.—Corpus Christi 1993), *rev'd on other grounds*, 897 S.W.2d 750 (Tex.1995). The second step is whether the claim lies within an exception to the waiver of sovereign immunity. *Id.* The determination of a governmental entity's negligence will be made only after a claimant has cleared these two statutory hurdles. The three specific areas of liability in which immunity has been waived are: (1) injury caused by an employee's use of a motor-driven vehicle, Tex.Civ.Prac. & Rem.Code Ann.

---

1. *Hickson v. Moya*, 926 S.W.2d 397, 398 (Tex. App.—Waco 1996, no writ).

§ 101.021(1); (2) injury caused by a condition or use of tangible personal or real property, TEX.CIV.PRAC. & REM.CODE ANN. § 101.021(2); and (3) claims arising from premise defects, TEX.CIV.PRAC. & REM.CODE ANN. § 101.022. *Salcedo v. El Paso Hosp. Dist.*, 659 S.W.2d 30, 31 (Tex.1983).

■ In his petition, Denson alleged that his injuries arose from the negligence of the individual employees of TDCJ–ID in failing to provide medical treatment for his foot and back conditions. But Denson failed to allege that his injuries were caused by the operation or use of a motor-driven vehicle or motor-driven equipment, by a condition or use of tangible personal or real property, or by a premises defect. Consequently, he failed to state a cause of action against TDCJ–ID under the Act. *See Texas Dep't of Transp. v. Able,* 981 S.W.2d 765, 767 (Tex.App.—Houston [1st Dist.] 1998, pet. granted). We hold, therefore, that Denson's claim under the Act against TDCJ–ID does not have an arguable basis in law and the trial court properly dismissed it.

### INJUNCTIVE RELIEF

■ Sovereign immunity, which the Act waives in limited circumstances, does not preclude a party from seeking equitable relief, such as a declaration of rights and injunctive relief. However, when a litigant "seeks injunctive relief that involves an [unlawful or unauthorized] activity of a state agency, he must sue some individual in authority at that agency; he may not sue the agency itself." *Bagg v. Univ. Of Tex.Med. Branch,* 726 S.W.2d 582, 584–85 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.). In the instant case, Denson sued a state agency, the TDCJ–ID, not an individual in authority. Thus, he failed to state a legally cognizable cause of action and the trial court did not err when it dismissed the claim.

■ Also, for the above stated reason, we overrule Denson's Motion for Federal Protection and Temporary Restraining Order which he filed with this court on September 27, 1999.

### NEGLIGENCE

■ Denson sued the individual defendants in both their individual and official capacities. A plaintiff may sue a state employee in either or both of these capacities. A suit against a state officer in his official capacity is a suit against the state, however. *Pickell v. Brooks,* 846 S.W.2d 421, 425 (Tex.App.—Austin 1992, writ denied). It follows that TDCJ–ID employees acting in their official capacity enjoy the same immunity as TDCJ–ID itself. Since TDCJ–ID is immune from liability for negligence under the Act, Kuykendall, Eaton, Kokila, McKinney, and Buchanan, in their official capacity, enjoy the same immunity. *See Dear v. City of Irving,* 902 S.W.2d 731, 736 (Tex.App.—Austin 1995, writ denied). These claims were, therefore, properly dismissed by the trial court without a fact hearing.

■ On the other hand, state employees who are sued in their individual capacity may be liable for their negligence if they do not enjoy official immunity. *Gonzalez v. Avalos,* 866 S.W.2d 346, 349 (Tex.App.—El Paso 1993), *writ dism'd w.o.j.,* 907 S.W.2d 443 (Tex.1995). However, health care liability claims, such as those complained of by Denson, are within the meaning and scope of the Medical Liability and Insurance Improvement Act ("MLIIA"), and must comply with the MLIIA's requirements. *See* TEX.REV.CIV. STAT.ANN. article 4590i §§ 1.02(13)(b), 1.03(a)(4) (Vernon Supp.1999). In his petition, Denson alleged negligence and general malpractice, but did not sue the individual defendants pursuant to the MLIIA.

Neither did he state that he had complied with the MLIIA's notice and bond requirements. *See id.* at §§ 4.01, 13.01. Consequently, Denson did not state a cause of action recognized in law and the trial court did not err when it dismissed the medical malpractice/negligence claims against the individual defendants.

## 42 U.S.C. § 1983

■ Denson also sued TDCJ–ID and its employees pursuant to 42 U.S.C. § 1983, which provides, in pertinent part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C.A. § 1983. The initial analysis in a Section 1983 action is to determine whether (1) the conduct complained of was committed by a person acting under color of state law; and (2) this conduct deprived a person of rights, privileges or immunities secured by the Constitution or the laws of the United States. *Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981), *overruled on other grounds, Daniels v. Williams,* 474 U.S. 327, 330–31, 106 S.Ct. 662, 664–65, 88 L.Ed.2d 662 (1986).

■ Kuykendall, Eaton, Kokila, McKinney, and Buchanan are employees of the state correctional system, so the trial court could not have dismissed the petition on the basis that Denson did not establish the "color of state law" prong of a Section 1983 action. As to the remaining requirement of the first element, if sued for damages, officials acting in their official capacities are not "persons" who may be liable under Section 1983. *See Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989); *Mitchell v. Amarillo Hosp. Dist.,* 855 S.W.2d 857, 866 (Tex.App.—Amarillo 1993, writ denied). Furthermore, neither can Denson successfully pursue a claim as to the TDCJ–ID under Section 1983 because a state and its agencies are not "persons" for the purpose of such claims. *See Hockaday v. TDCJ,* 914 F.Supp. 1439, 1445 (S.D.Tex.1996). Consequently, it was proper for the trial court to dismiss the claims against TDCJ–ID and the individual defendants in their official capacities without a fact hearing.

*FIFTH AMENDMENT*

■ The next question is whether the employees, in their *individual* capacities, deprived Denson of rights, privileges or immunities secured by the Constitution or the laws of the United States. Denson argues that the employees violated the due process clause of the Fifth Amendment of the United States Constitution. Specifically, he argues that he was wrongfully deprived of life, liberty, or property without due process of law when they failed to provide him with proper medical treatment. Section 1983 imposes liability for violation of rights protected by the Constitution, however, not for violations of duties arising out of tort law. *Baker v. McCollan,* 443 U.S. 137, 146, 99 S.Ct. 2689, 2695, 61 L.Ed.2d 433 (1979). It also does not provide a right to be free of injury whenever a government actor may be characterized as a tortfeasor. *San Jacinto Sav. & Loan v. Kacal,* 928 F.2d 697, 700 (5th Cir.1991). In *McCabe v. Nassau County Medical Center,* 453 F.2d 698 (2nd Cir. 1971), the court reasoned that:

[F]ew decisions of doctors or administrators in a public hospital will provide a proper basis for a section 1983 action because such decisions do not usually affect rights secured by the Constitution and laws of the United States ... [M]ere negligence in giving or failing to supply medical treatment alone will not suffice for a section 1983 action ... It is difficult to imagine a case where a valid constitutional claim grows out of negligent medical treatment alone. Where medical treatment of a patient in a public hospital is alleged to be the basis of an invasion of a recognized constitutional right, some other highly unusual factor would seem to be necessary.

*Id.* at 704.

 Although Denson maintains that his injuries were not only the result of negligence, but also of intentional and deliberate action, his allegations under these facts and circumstances cannot be characterized as arbitrary, or conscience-shocking, in a constitutional sense. *See Collins v. Harker Heights,* 503 U.S. 115, 126–30, 112 S.Ct. 1061, 1070, 117 L.Ed.2d 261, 275 (1992). Despite his insistence that this cause is one of constitutional proportions, Denson is attempting to turn a medical malpractice tort case into a section 1983 claim. *Godinet v. Thomas,* 824 S.W.2d 632, 633 (Tex.App.—Houston [14th Dist.] 1991, writ denied). State tort law, rather than the substantive due process component of the Fifth Amendment, should govern a cause of action for medical malpractice. *See Estelle v. Gamble,* 429 U.S. 97, 107, 97 S.Ct. 285, 293, 50 L.Ed.2d 251 (1976). Thus, the trial court did not err when it dismissed these claims without a fact hearing.

### HEALTH & SAFETY CODE AND TEXAS GOVERNMENT CODE VIOLATIONS

Denson further asserts that the individual defendants violated TEX. GOV'T CODE ANN. § 501.053 (Vernon 1998), which requires that if a state agency receives an allegation that a physician employed or under contract with the department has committed an action that constitutes a ground for the denial or revocation of the physician's license under Section 3.08, Medical Practice Act, the department shall report the information to the Texas State Board of Medical Examiners. In addition, he alleges that the they violated TEX. HEALTH & SAFETY CODE ANN. § 591.024 (Vernon 1992). The provision, which applies only to the Texas Department of Mental Health and Mental Retardation, provides that legal counsel will be furnished to represent department employees in civil actions brought against them for negligence while employed by the department.

 To determine the availability of Section 1983 to remedy a statutory violation, the United States Supreme Court has pronounced this two-step inquiry:

First, the plaintiff must assert the violation of a federal right ... Section 1983 speaks in terms of "rights, privileges and immunities," not violations of federal law. In deciding whether a federal right has been violated, we have considered whether the provision in question creates obligations binding on the governmental unit or rather "does no more than express a congressional preference for certain kinds of treatment." ... The interest the plaintiff asserts must not be "too vague and amorphous" to be "beyond the competence of the judiciary to enforce." ... We have also asked whether the provision in question was "intend[ed] to benefit" the putative plaintiff ...

*Golden State Transit v. Los Angeles,* 493 U.S. 103, 106, 110 S.Ct. 444, 448, 107 L.Ed.2d 420 (1989). In other words, the

violation of a state law or rule does not become a constitutional violation merely because the violator was a state official. *Baker*, 443 U.S. at 146–47, 99 S.Ct. at 2695–96 (1979) (false imprisonment does not become fourteenth amendment violation simply because defendant is a state official); *Estelle*, 429 U.S. at 106, 97 S.Ct. at 292 (medical malpractice not a constitutional violation merely because the patient is a prisoner).

Considering the cited provisions, Denson has not asserted a federal right under either the Health & Safety Code or the Texas Government Code because neither provision was intended to benefit him. Thus, Denson's allegations based upon violations of state law must fail as not stating a cause of action recognized by law.

*CONSPIRACY*

A Section 1983 conspiracy claim is not actionable without an actual violation of Section 1983. *Owens v. Bd. of Regents of T.S.U.*, 953 F.Supp. 781, 791 (S.D.Tex.1996). Furthermore, in order to state a claim for conspiracy under Section 1983, a plaintiff must establish conspiracy in some detail and provide some factual basis for supporting the existence of conspiracy; conclusory statements suggesting conspiracy are not enough to state a claim. *Spiegel v. City of Chicago*, 920 F.Supp. 891, 899 (N.D.Ill.1996). Consequently, since Denson made only conclusory allegations of conspiracy, and since he has failed to state a cause of action under Section 1983 against either TDCJ–ID or the individual defendants, the trial court did not err when it dismissed the conspiracy claim.

Upon the allegations contained in Denson's petition, we conclude that there is no arguable basis in law for an action under Section 1983 because no constitutional right was implicated. The trial court did not err, therefore, when it dismissed the Section 1983 claims without a fact hearing.

We overrule Denson's sole issue and *affirm* the judgment of the trial court.