In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-06-197 CV


 ______________________


 

CEDRIC NICKERSON, Appellant



V.



T.D.C.J. - I.D., DAVID DOUGHTY AND BONNIE YOUNG, Appellees






On Appeal from the 58th District Court


Jefferson County, Texas


Trial Cause No. A-174172






MEMORANDUM OPINION


 Cedric Nickerson, an inmate, filed suit against the Texas Department of Criminal
Justice and thirty-four TDCJ employees under 42 U.S.C. § 1983 (2003) and the Texas Tort
Claims Act. (1) Several defendants filed motions to dismiss pursuant to Chapter 14 of the
Texas Civil Practice and Remedies Code. See Tex. Civ. Prac. & Rem. Code Ann. § 14.003
(Vernon 2002). The defendants alleged, among other things, that Nickerson's claims under
42 U.S.C. § 1983 and the Tort Claims Act were frivolous because they had no arguable basis
in law or in fact. Nickerson contends that on March 31, 2006, the trial court held a telephone
hearing on the motion, but postponed the hearing until April 13, 2006. (2) Nickerson asserts
that at the conclusion of the April 13 hearing, the trial court dismissed his claims as
frivolous. (3) The trial court's order dismissed Nickerson's claims with prejudice. 

 Nickerson raises three issues on appeal. In his first issue, Nickerson argues the trial
court abused its discretion in dismissing his claims under Chapter 14. Nickerson's second
issue asserts the trial court erred in dismissing his claims with prejudice. In issue three,
Nickerson contends the trial court erred in denying or failing to rule on his motion for
continuance. We find no abuse of discretion by the trial court requiring reversal, but because
the dismissal should be without prejudice in this case, we modify the judgment to reflect a
dismissal without prejudice. We affirm the judgment as modified. See Tex. R. App. P.
43.2(b).

 Chapter 14 applies to inmate suits in which the inmate files an affidavit or unsworn
declaration of inability to pay costs. Tex. Civ. Prac. & Rem. Code Ann. § 14.002 (Vernon
2002). The trial court has the authority to dismiss a lawsuit governed by the statute before
or after service of process if the court determines that the claim is frivolous or malicious. 
Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2). In determining whether the claim is
frivolous or malicious, the trial court may consider whether the claim has no arguable basis
in law or in fact. See id. § 14.003(b)(2). We review a Chapter 14 dismissal for an abuse of
discretion. Moore v. Zeller, 153 S.W.3d 262, 263 (Tex. App.--Beaumont 2004, pet. denied). 

 The court held a hearing before signing the dismissal order. The court had the
authority to pierce the veil of Nickerson's factual allegations and dismiss claims that have
no factual basis as frivolous or malicious. See generally Spellmon v. Sweeney, 819 S.W.2d
206, 208 (Tex. App.--Waco 1991, no writ). Nickerson did not request the preparation of the
reporter's record of the hearing. See Tex. R. App. P. 35.3(b). The Clerk of this Court
notified him that because he had not requested a reporter's record, the record had not been
prepared, and the appeal would be submitted on the clerk's record unless he filed a motion
requesting additional time to have the reporter's record prepared and filed. Nickerson did
not respond. Any facts presented at the hearing presumably supported the trial court's order. 
See Rittenhouse v. Sabine Valley Ctr. Found., Inc., 161 S.W.3d 157, 165 (Tex. App.--Texarkana 2005, no pet.). 

 In issue one, Nickerson asserts that he sufficiently stated causes of action under 42
U.S.C. § 1983 and the Tort Claims Act. (4) Asking this Court to consider his grievance files,
Nickerson argues that "standing alone, his complaint states a legally sufficient claim, but is
'borderline' with respect to stating a factually sufficient claim without more."

 Section 1983 provides a remedy if any person acting under the color of state law
deprives another person of any rights, privileges, or immunities protected by the United
States Constitution or laws. Thomas v. Collins, 960 S.W.2d 106, 109 (Tex. App.--Houston
[1st Dist.] 1997, pet. denied). A plaintiff may not assert section 1983 claims against the State
or its agencies. Denson v. T.D.C.J.-I.D., 63 S.W.3d 454, 461 (Tex. App.--Tyler 1999, pet.
denied). Section 1983 claims may be asserted against the TDCJ employees in their
individual capacities. Harrison v. Tex. Dep't of Crim. Justice-Inst. Div., 915 S.W.2d 882,
889 (Tex. App.--Houston [1st Dist.] 1995, no writ). 

 Nickerson alleged that he was subjected to cruel and unusual punishment, excessive
force, and that officers assaulted inmates, conspired to assault inmates, and ordered
"'contract' assaults on offenders to prevent them from being personally involved." He did
not plead which, if any, of the thirty-four individual defendant employees have committed
these alleged assaults, or if these alleged assaults have been committed against him or the
other plaintiffs listed in his petition. See generally Eason v. Holt, 73 F.3d 600, 601-02 (5th
Cir. 1996) (excessive force). 

 Nickerson alleges that he stated causes of action for unlawful conversion, property
damage, intentional deprivation of property, and destruction of personal property without due
process. Because the Texas Legislature has provided an administrative remedy to pay an
inmate's claims for property lost or damaged by the Department of Corrections, Nickerson
may not assert these claims under section 1983. See Aguilar v. Chastain, 923 S.W.2d 740,
743-44 (Tex. App.--Tyler 1996, writ denied); see also Tex. Gov. Code Ann. §§ 501.007,
501.008 (Vernon 2004). 

 Nickerson alleged that hearing officers conducted biased disciplinary hearings by
making determinations of guilt before inmates can present evidence, and by disregarding the
evidence submitted by inmates. He complains that rulings are often based on an officer's
report and testimony without corroborating evidence. Nickerson asserts a general complaint
regarding the disciplinary process, but presents no record sufficient to support his claim. To
the extent that Nickerson complains about the TDCJ's use of officer testimony and reports,
this claim has no arguable basis in law. See Morgan v. Dretke, 433 F.3d 455, 457-58 (5th
Cir. 2005). 

 Nickerson alleges that "[d]efendants have failed to "train, supervise, investigate, and
correct [malfeasant] subordinate officers[,]" and have failed to take any action against prison
officers who assault inmates. To the extent Nickerson sued defendants in their roles as
supervisors, Nickerson does not provide a record demonstrating that defendants had personal
involvement in any violation, or that there is a causal link between the conduct and the
alleged violation. See Evett v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force, 330
F.3d 681, 689 (5th Cir. 2003). 

 Nickerson complained that the defendants have violated TDCJ policies regarding the
investigation of misconduct allegations, and that female officers violate inmate access
policies. He also claimed that the defendants abuse the grievance procedure by dismissing
grievances without proper investigations, by failing to properly process and return the
grievances to the inmates in a timely manner, and by using a screening process to reject
grievances. He does not allege specific instances involving his grievances, or which of the
thirty-four individual defendants allegedly violated the policies or his constitutional rights. 
See generally Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996) (violation of policies);
Geiger v. Jowers, 404 F.3d 371, 373-74 (5th Cir. 2005) (grievances).

 Nickerson's petition alleges that defendants denied him "life maintaining medication." 
Nickerson does not allege and did not produce a record to demonstrate that specific
individuals among the thirty-four defendants he has sued knew of and disregarded a
substantial risk of harm to him. See Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). 

 Nickerson claimed that "[d]efendants have retaliated against plaintiff (false
disciplinary reports, denial of food, recreation, life maintaining medication, etc. ) for plaintiff
attempting to exercise his rights to seek redress through the grievance procedure, through the
courts, and other writings." Nickerson has not demonstrated that his protected conduct was
a substantial motivating factor in any defendant's conduct. See Aguilar, 923 S.W.2d at 744. 
Nickerson does not provide a factual basis for the alleged incidents, and does not show that
but for an alleged retaliatory motive by a specific individual, the alleged incidents would not
have taken place. See id. 

 The petition claims that officers conspire to assault inmates, and the defendants cover
up for officers who abuse inmates. To state a section 1983 conspiracy claim, a plaintiff must
establish conspiracy in some detail and provide a factual basis for supporting the existence
of a conspiracy. See Denson, 63 S.W.3d at 463. Nickerson made only conclusory
allegations. See Spurlock v. Johnson, 94 S.W.3d 655, 658-59 (Tex. App.--San Antonio 2002,
no pet.). 

 Nickerson's petition states that "[d]efendants have interfered with plaintiffs' Access
To Courts Rights by denying plaintiff the opportunity to exhaust administrative remedies
through the TDCJ-ID Grievance process." He did not allege that he lost the ability to pursue
an actionable legal claim, nor did he allege facts to show how any alleged conduct hindered
his efforts to pursue a particular legal claim. See Lewis v. Casey, 518 U.S. 343, 351, 116
S.Ct. 2174, 135 L.Ed.2d 606 (1996). 

 To state a claim against TDCJ under the Tort Claims Act, Nickerson must show that
the claim lies within the waiver of sovereign immunity. See Denson, 63 S.W.3d at 459; see
also Tex. Civ. Prac. & Rem. Code Ann. §§ 101.021, 101.022 (Vernon 2005). The Act does
not waive immunity for claims regarding abuse of the grievance and disciplinary procedures,
or a violation of prison policies. See Harrison v. TDCJ-TDCJID, No. 07-03-0239-CV, 2005
WL 1397415, at *2 (Tex. App.--Amarillo June 14, 2005, no pet.) (mem. op.). To the extent
Nickerson asserts a claim for the negligent failure to train, supervise or protect, this claim
relates to the non-use of information and does not state a cause of action under the Act. See
Tex. Dep't of Pub. Safety v. Petta, 44 S.W.3d 575, 580-81 (Tex. 2001). Nickerson may not
assert his claims regarding property loss because the Act provides for recovery of property
damage or loss when such loss results from the operation and use of a motor-driven vehicle
or motor-driven equipment. See Retzlaff v. Tex. Dep't of Crim. Justice, 135 S.W.3d 731, 743
(Tex. App.--Houston [1st Dist.] 2003, no pet.); see also Tex. Civ. Prac. & Rem. Code Ann.
§ 101.021(1). Nickerson's claim for denial of medication essentially amounts to an
allegation of non-use of property. See Mullins v. Estelle High Sec. Unit, 111 S.W.3d 268,
272-73 (Tex. App.--Texarkana 2003, no pet.).

 The Tort Claims Act does not waive the State's immunity for claims "arising out of
assault, battery, false imprisonment, or any other intentional tort[.]" Tex. Civ. Prac. & Rem.
Code Ann. § 101.057(2) (Vernon 2005). Sovereign immunity does not bar intentional tort
claims against defendants in their individual capacities. See Minix v. Gonzales, 162 S.W.3d
635, 639 (Tex. App.--Houston [14th Dist.] 2005, no pet.). Nickerson's petition does not
allege a factual basis for the causes of action that implicate any defendants' intentional acts,
and without a record of the hearing or more specific allegations against individual
defendants, we cannot say the trial court abused its discretion in dismissing Nickerson's
causes of action against the thirty-four defendants in their individual capacities. See, e.g.,
Seifullah v. Heaton, No. 12-02-00076-CV, 2003 WL 21998762, at *4 (Tex. App.-- Tyler
Aug. 20, 2003, no pet.) (mem. op.) (stating that trial court erred in dismissing intentional tort
claims against prison officials in their individual capacities without conducting a hearing). 
 The trial court had considerable discretion under Chapter 14 to pierce the veil of the
pleadings and determine whether Nickerson asserted frivolous or malicious claims. 
Nickerson sued thirty-four defendants and made conclusory allegations against all of them. 
He admits his factual allegations are "borderline." He acknowledges that the trial court held
a hearing before dismissing the claims. He does not ask that we consider the record of that
hearing. Essentially he has filed a conclusory pleading asserting numerous causes of action
against numerous defendants without differentiating or further explaining their various roles
and actions. This type of "shotgun approach" to pleading has resulted in sanctions in other
contexts. See, e.g., Bradt v. Sebek, 14 S.W.3d 756, 770 (Tex. App--Houston [1st Dist.] 2000,
pet. denied) (imposing sanctions on attorney for filing groundless pleadings); see also
Boswell v. Honorable Governor of Tex., 138 F.Supp.2d 782, 785-786 (N.D. Tex. 2000)
(dismissing claims after finding that plaintiffs adopted a "'shot-gun approach" to pleadings
which failed to state why defendants had been included in lawsuit or the specific acts which
formed the basis for the defendants' potential liability). Nickerson has not shown the trial
court abused its discretion in dismissing his conclusory claims against the defendants under
Chapter 14. Issue one is overruled.

 In his second issue, Nickerson contends his claims should be dismissed without
prejudice. The discretionary dismissal under Chapter 14 is not an adjudication on the merits
and is generally without prejudice. See Mullins, 111 S.W.3d at 273-74; Hughes v. Massey,
65 S.W.3d 743, 746 (Tex. App.--Beaumont 2001, no pet.). We modify the judgment to
reflect a dismissal without prejudice. Issue two is sustained. 

 In issue three, Nickerson argues that it was improper for the court to dismiss his
claims without granting him a continuance to amend his complaint. A trial court may dismiss
a claim under Chapter 14 either before or after service of process. Tex. Civ. Prac. & Rem.
Code Ann. § 14.003(a). The court is not required to allow an inmate to amend his pleadings
before dismissing the claims under Chapter 14. Kendrick v. Lynaugh, 804 S.W.2d 153, 156
(Tex. App.--Houston [14th Dist.] 1990, no writ). Issue three is overruled.

 The judgment is modified to reflect the dismissal is without prejudice. The judgment
is affirmed as modified. 

 AFFIRMED AS MODIFIED.

 

 ____________________________

 DAVID GAULTNEY

 Justice


Submitted on July 2, 2007

Opinion Delivered November 8, 2007


Before Gaultney, Kreger, and Horton, JJ.
1. Nickerson brought suit on behalf of two other plaintiffs. He did not explain why he
had standing to sue on their behalf. Nickerson is the only plaintiff in this appeal. Nickerson
filed documents that notified additional defendants that they were being sued, but Nickerson
did not amend his original petition to include the new defendants in his lawsuit. 
2. Appellees have not filed a brief in this case, and have not disputed Nickerson's
contention that the court conducted a hearing.
3. Nickerson appears to argue that the court erred in dismissing his complaint without
stating the grounds for dismissal and in failing to file findings of fact and conclusions of law. 
When, as here, a trial court does not give a reason for dismissing an inmate's claim as
frivolous and the inmate has not requested findings of fact or conclusions of law, we imply
all the necessary findings to support the judgment. See Williams v. Tex. Dep't of Crim.
Justice-Inst. Div., No. 01-03-01332-CV, 2005 WL 21975, at *2 (Tex. App.--Houston [1st
Dist.] Jan. 6, 2005, pet. denied) (mem. op.).
4. Nickerson also cited 28 U.S.C. § 1343 (2006), which gives district courts jurisdiction
over civil rights claims, and 42 U.S.C. § 1997e (2003), which governs inmate suits brought
in federal court.