

NUMBERS 13-07-00130-CV
13-07-00305-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**KIRK WAYNE MCBRIDE, SR.,**                                                    **Appellant,**

**v.**

**TEXAS DEPARTMENT OF CRIMINAL JUSTICE-
CORRECTIONAL INSTITUTIONS DIVISION, ET AL.,**          **Appellees.**

---

### On appeal from the 343rd District Court
### of Bee County, Texas.

---

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides
Memorandum Opinion by Chief Justice Valdez**

Kirk Wayne McBride, Sr. an inmate confined in the Texas Department of Criminal

Justice–Institutional Division ("TDCJ"), appeals from the dismissal of his *pro se*, *in forma*

*pauperis* lawsuit against TDCJ, the University of Texas Medical Branch ("UTMB"), and

several members of the medical staff at the McConnell Unit of the TDCJ. The trial court granted a summary judgment with regard to McBride's claims against the McConnell Unit medical staff, and a plea to the jurisdiction in favor of TDCJ and UTMB. In two issues, McBride contends that the medical staff was not entitled to summary judgment as a matter of law, and that the trial court erred in granting TDCJ's and UTMB's pleas to the jurisdiction. We affirm.

## I. BACKGROUND

McBride was seen and treated by the medical professionals at the McConnell Unit of TDCJ on October 28, 2004, November 2, 2004, and November 15, 2004, for complaints ranging from a "snoring problem," a "severe snoring problem," and "obstructive sleep apnea." In the course of his treatment, McBride received physical evaluations, various medications, was diagnosed as obese, and given multiple steroid injections.

On February 2, 2005, McBride filed his original petition with the trial court, asserting that TDCJ employees violated his Eighth Amendment right to be free from cruel and unusual punishment by displaying deliberate indifference to his serious medical needs. McBride also sought monetary damages.[1] Specifically, McBride alleged that he was "refused any kind of treatment for his medical condition" and "by [TDCJ's] implemented and promulgate[d] policies," the TDCJ had "required him to remain housed with other offenders that become agitated by [his] snoring, as to place [him] in the position . . . [of being] subjected to imminent or serious bodily injury." McBride named the following parties in his original petition in their individual and official capacities: TDCJ, UTMB, Kenneth Weseman, Maximilliano Herrea, Richard Woodcroft, and Mary Comstock ("medical staff").

---

[1] McBride's original petition was brought within the purview of title 42, section 1983 of the United States Code. *See* 42 U.S.C. § 1983.

UTMB and TDCJ filed a plea to the jurisdiction on July 27, 2006 and November 20, 2006, respectively. UTMB's plea to the jurisdiction was granted on September 21, 2006, and TDCJ's plea to the jurisdiction was granted on April 10, 2007, thereby dismissing McBride's claims as to TDCJ and UTMB. Weseman, Herrera, Woodcroft, and Comstock filed a motion for summary judgment on September 18, 2006, which was subsequently granted on November 1, 2006. On January 30, 2007, McBride sought, and was granted, an Order of Severance, which separated the orders dismissing his claims against UTMB and the medical staff from his claims against TDCJ. On February 26, 2007, McBride filed his notice of appeal with regard to the dismissal of his claims against UTMB and the medical staff, appellate cause number 13-07-00130-CV. McBride also appealed the dismissal of his claims against TDCJ on May 11, 2007, appellate cause number 13-07-00305-CV. This Court subsequently granted McBride's motion to consolidate the two appeals on July 12, 2007.

## II. SUMMARY JUDGMENT

In his first issue, McBride contends that, as a matter of law, the medical staff was not entitled to summary judgment. The medical staff, however, contends that McBride failed to state a claim under 42 U.S. § 1983 because the staff was not deliberately indifferent to his medical needs, could not be held liable for damages in their official capacities, and were entitled to qualified immunity.

### A. Standard of Review

We review the granting of a traditional motion for summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Branton v. Wood*, 100 S.W.3d 645, 646 (Tex. App.–Corpus Christi 2003, no pet.) (citing *Natividad v. Alexsis, Inc.*,

3

875 S.W.2d 695, 699 (Tex. 1994); *Tex. Commerce Bank Rio Grande Valley v. Correa*, 28 S.W.3d 723, 726 (Tex. App.–Corpus Christi 2000, pet. denied)).  To prevail, the movant has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.  *Branton*, 100 S.W.3d at 646 (citing TEX. R. CIV. P. 166(a)(c); *Lear Siegler*, *Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991)).  Only when the movant meets this burden does the burden shift to the nonmovant to raise a genuine issue of material fact.  *See M.D. Anderson Hosp. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000) (per curiam); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979).  In determining whether there is a genuine issue of material fact, evidence favorable to the nonmovant is taken as true, and all reasonable inferences and doubts are resolved in favor of the nonmovant.  *Branton*, 100 S.W.3d at 646.  The trial court did not state specific grounds for its ruling; therefore, we will affirm if any of the theories advanced in the motion for summary judgment are meritorious.  *See Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989); *Jones v. Ray Ins. Agency*, 59 S.W.3d 739, 744 (Tex. App–Corpus Christi 2001, pet. denied).

## B.  Immunity

### 1. Official Capacity

McBride contends that the medical staff "fail[ed] to come forth with any competent summary judgment evidence upon their affirmative defense of qualified immunity."  The medical staff contends that McBride's claims against them are barred because they, in their official capacities, do not constitute "persons" under section 1983 of the United States Code.  42 U.S.C. § 1983.  We agree.  In considering this issue, the United States Supreme

4

Court had held that "neither a State nor its officials acting in their official capacities are 'persons' under section 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989); *see Tex. Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 581 (Tex. 2001); *see also Herrera v. Spencer*, No. 13-02-386-CV, 2003 Tex. App. LEXIS 8833, at *4-5 (Tex. App.–Corpus Christi Oct. 6, 2003, no pet.) (mem. op., not designated for publication). A suit against an official in his official capacity is not a suit against the official, but is rather a suit against the State. *Will*, 491 U.S. at 71; *Tex. Dep't of Pub. Safety*, 44 S.W.3d at 581. Therefore, the medical staff, in their official capacities, were entitled to summary judgment on McBride's section 1983 claims. *See Scott v. Britton*, 16 S.W.3d 173, 180 (Tex. App.–Houston [1st Dist.] 2000, no pet.).

## 2. Individual Capacity

In their summary judgment, the medical staff also alleged that they were entitled to qualified immunity regarding McBride's claims against them in their individual capacities. Qualified immunity is an immunity from suit available to government officials sued in their individual capacities under section 1983. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Padilla v. Mason*, 169 S.W.3d 493, 501 (Tex. App.–El Paso 2005, pet. denied). Government officials performing discretionary functions have qualified immunity from a suit for damages so long as the official's conduct does not violate clearly established constitutional or statutory rights of which a reasonable person would be aware. *See Padilla*, 169 S.W.3d at 502. Qualified immunity protects all but the plainly incompetent or those who knowing violate the law. *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Whether an official can be held personally liable for taking an allegedly unlawful actions turns on the

5

"objective legal reasonableness" of the action, assessed in light of the legal rules that were "clearly established" at the time the action was taken. *Anderson v. Creighton*, 483 U.S. 635, 639 (1987). Qualified immunity shields an officer if a reasonable officer could have believed the action to be lawful in light of clearly established law and the information the officer possessed. *Hunter v. Bryant*, 502 U.S. 224, 228 (1991).

In deciding whether the medical staff was entitled to qualified immunity, we apply a bifurcated analysis. *Saucier v. Katz*, 533 U.S. 194, 201 (2001) First, we determine whether the medical staff's alleged conduct violated a constitutional right. *Id*. Second, we determine whether the right was clearly established; that is, whether it would be clear to a reasonable official that his conduct violated that right. *Id*. The threshold question is whether the facts alleged, taken in the light most favorable to the party asserting the injury, show that the officer's conduct violated a constitutional right. *Id*. If the facts do not show a constitutional violation, the official is entitled to immunity. *Id*. If, on the other hand, violation of a constitutional right is shown by the facts alleged, the next step is to determine whether that right was clearly established at the time of the alleged violation. *Id*.

McBride alleged that the medical staff demonstrated deliberate indifference to his medial needs in violation of his Eighth and Fourteenth Amendment rights. Deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment as cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). For an inmate to establish a claim of deliberate indifference under the constitution, the inmate must show that the official knows of and disregards an excessive risk to the inmate's health and safety. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Estelle*,

429 U.S. at 105-07; *Scott*, 16 S.W.3d at 181. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer*, 511 U.S. at 837; *Scott*, 16 S.W.3d at 181. Proof of deliberate indifference requires a showing of subjective recklessness. *Farmer*, 511 U.S. at 839; *Scott*, 16 S.W.3d at 181. Mere negligence will not suffice to show deliberate indifference, *Wilson v. Seiter*, 501 U.S. 294, 302 (1991), nor will an "ordinary lack of due care." *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

Indulging all reasonable inferences in favor of McBride and taking all evidence favorable to him as true, we conclude that the medical staff met their burden of showing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law on the issue of qualified immunity. *See Shaw v. Moss*, 67 S.W.3d 836, 842 (Tex. 2001). The summary judgment evidence does not indicate that the medical staff were deliberately indifferent to McBride's claimed, serious, medical needs. According to the summary judgment affidavit of Dr. Steven Mercado, McBride's complaints of a "severe snoring problem" is due to "seasonal allergies that are consistently relieved by steroid injections/shots." Dr. Mercado also noted that "there [was] no indication for pursuing a study/test to determine if McBride suffers from obstructive sleep apnea." Dr. Mercado concluded that the treatment McBride requested and received was appropriate in light of the symptoms that he described to the medical staff.

The summary judgment evidence does not indicate that the medical staff knew of, yet disregarded, a substantial risk of serious harm to McBride; therefore, McBride failed to demonstrate deliberate indifference to his medical needs in violation of his constitutional

rights. *See Saucier*, 533 U.S. at 201; *Scott*, 16 S.W.3d at 181-82. Having failed to find such a violation, our analysis is complete. *Saucier*, 533 U.S. at 201. The medical staff, in their individual capacities, were entitled to qualified immunity from McBride's claims. McBride's first issue is overruled.

### III. PLEA TO THE JURISDICTION

McBride next contends that the trial court erred in granting TDCJ's and UTMB's pleas to the jurisdiction. We will review McBride's complaints under the well-established standards applied in evaluating a trial court's decision on a plea to the jurisdiction. *See Tex. Dep't of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004); *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000).

As previously noted, McBride filed suit against TDCJ and UTMB pursuant to section 42 U.S.C. § 1983, which provides a remedy when any person acting under color of state law deprives another of rights, privileges, or immunities protected by the U.S. Constitution or laws. 42 U.S.C. § 1983. The State and its agencies are not "persons" for purposes of liability under section 1983. *See Retzlaff v. Tex. Dep't of Crim. Justice*, 135 S.W.3d 731, 744 (Tex. App.–Houston [1st Dist.] 2003, no pet.) (citing *Denson v. T.D.C.J.- I. D.*, 63 S.W.3d 454, 461 (Tex. App.–Tyler 1999, pet. denied)); *see also Demouchette v. Tex. Dep't of Crim. Justice*, No. 13-06-00267-CV, 2007 Tex. App. LEXIS 7157, at *5-6 (Tex. App.–Corpus Christi Aug. 28, 2007, no pet.) (mem. op., not designated for publication). Thus, McBride was not permitted to assert a section 1983 claim against TDCJ or UTMB. See *Retzlaff*, 135 S.W.3d at 744. The trial court, therefore, properly found that it lacked jurisdiction over McBride's complaints. McBride's second issue is overruled.

8

## IV. Conclusion

We affirm the trial court's orders granting the medical staff's summary judgment (appellate cause number 13-07-00130-CV), UTMB's plea to the jurisdiction (appellate cause number 13-07-00130-CV), and TDCJ's plea to the jurisdiction (appellate cause number 13-07-00305-CV).

_____
ROGELIO VALDEZ
Chief Justice

Memorandum Opinion delivered and
filed this the 28th day of August, 2008.

9